# Vice v. Littlejohn.

*Bill in Equity to Enforce Vendor's Lien.*

1. *Appeal; final decree.*—A decree on a bill in equity filed to enforce a lien on land declaring that "it seems to the court that complainant is entitled to the relief prayed for," and ordering a reference to the register to ascertain and report certain facts, is not a final decree which will support an appeal.

APPEAL from the Chancery Court of Calhoun.
Heard before the Hon. S. K. McSPADDEN.

S. D. G. BROTHERS, for appellant.

G. C. ELLIS, *contra.*

HEAD, J.—The bill was filed to enforce a vendor's lien on land, and the defendant filed a cross bill, seeking a rescission of the purchase and discharge from the purchase money notes. The decree from which the appeal is taken reads as follows : "Upon due considerations, it *seems* to the court that complainant is entitled to the relief prayed for. It is adjudged, ordered and decreed that it be, and the same is hereby, referred to the register of this court to ascertain and report, 1st, the amount of the principal and interest due on complainant's four notes, to his original bill attached, and described in said bill ; 2nd, the amount cross-complainant had to pay out in money, and the reasonable value of his time spent, in perfecting his title to said lands, with the interest thereon ; 3rd, He will deduct the latter from the former, and report the difference, if any. He will make his report as soon as may be, and at least by the next term of this court."

We are of the opinion the above decree is not final, and that the appeal must be dismissed. It is evident that the equities of the case have not been settled or adjudged, and that the appeal is prosecuted from an order of reference. In the case of *Ex-parte Elyton Land Co.*, 104 Ala. 88, we recommended to the chancellors the practice, in those cases where references would be necessary, of announcing in an interlocutory decree the opinion formed, when the conclusion is reached that the complainant is entitled to relief, making such other interlocutory decree to secure the full measure of relief the case rendered necessary, and of withholding a final decree until the interlocutory decree is executed. In this manner, the case may be disposed of by one final decree, upon an appeal from which all matters in litigation may be determined by this court, thus preventing the necessity of revising litigated cases by piecemeal. This wholesome practice was pursued by the chancellor in the present case, the opening sentence of the decree, "it seems to the court, that complainant is entitled to the relief prayed for," being simply the expression of the opinion which the chancellor had formed of the merits of the case. He did not adjudge or decree that the complainant *have* the relief prayed for, nor indeed any relief, nor

did he go so far as to adjudge or decree that the complainant was *entitled* to the relief he prayed, or to some relief short of that asked in the prayer of his bill. We may infer that, upon the coming in of the register's report, the chancellor will decree and award some relief to the complainant; although, the decree already entered being interlocutory, he may change his mind entirely, and deny the complainant any redress. We cannot anticipate what the character of the final decree will be, nor can we undertake to revise the opinions of the chancellor until they have given form and substance to a decree which settles and adjudges the equities of the case. In the recent case of *Thompson v. Maddox*, 105 Ala. 326, where injunctive relief was sought, we had occasion to consider the effect of the use in a decree of words to the effect that, upon consideration, it is the opinion of the court that complainant is entitled to make a defense (and ordering a reference), not followed by words decreeing relief, or words of equivalent import, and we there declared that "It cannot be said, under such an order, that anything had been decreed or determined by the court, except that it orders a reference." It is important that the correct practice be conformed to in taking appeals, and counsel should always carefully consider the nature of the decree, in the light of our numerous rulings, with a view to ascertaining whether or not it is final, and capable of supporting the appeal. An appeal from a non-appealable decree does not remove the cause from the inferior tribunal, and consent or failure to move to dismiss cannot give us jurisdiction. Pursuing our uniform practice, we are compelled *ex mero motu* to dismiss this appeal.

Appeal dismissed.