# Marks v. Semple.

*Bill in Equity for Settlement of a Trust.*

1. *Final decree; appeal.*—A decree which settles only a part of the equities in a case is not final; and where a trustee files a bill for the construction and settlement of the trust, and separate decrees, each disposing of a part of the equities of the case, are rendered, and a final decree is subsequently rendered, the appeal should be taken from, and assignments of error based on, such final decree, and errors in the decrees settling only a part of the equities in the case, though not final, in so far as carried into the final decree, will be reviewed on such assignments.

2. *Construction of trust deed; expense of executing trust.*—Where grantors convey property to a trustee for the purpose of securing for them certain real estate clear of expense and upon other trusts, none of the expense of executing the trust should be charged against them on a settlement of the trust.

3. *Mistake of law by trustee in executing trust.*—A trustee is not entitled to relief against a mistake of law made by him in the execution of the trust after the same is fully executed.

4. *Attorney's fee; allowance therefor to guardian*—A guardian is entitled to allowance for a reasonable attorney's fee in stating his account and making settlement, and it is a proper charge against the estate of his ward.

5. *Trustee; credit for money paid on claim enforceable against trust property.*—A trustee is entitled to a credit, on a settlement of his trust, for an expenditure made in compromising a judgment which was enforceable against the trust property.

6. *Trustee; not entitled to credit for money paid on claim not enforceable against trust property*—Where not authorized by the instrument creating the trust, a trustee pays a claim which is subordinate to that of the *cestuis que trust*, and not enforceable against the trust property, he is not entitled to credit therefor.

7. *Trustee; commissions and reimbursement for expenditures in management of trust property.*—A trustee is not entitled to commissions upon advances, obtained for the purpose of cultivating plantations, part of trust property, which were repaid out of proceeds of crops; but he is entitled to reimbursement for reasonable amounts expended in the management of same and to commissions on net profits which are added to the *corpus* of the trust property.

8. *Trustee who is attorney; compensation for services.*—A trustee who is also an attorney is not entitled to compensation for services rendered in the latter capacity, when for a reasonable price he has

[Marks v. Semple.]

employed counsel to represent him, where such services properly devolved on the employed counsel.

9. *Compensation of trustee*, should be reasonable, and depends upon the facts of each particular case.

. 10. *Trustee; re-imbursement for overpayments to cestuis qui trust; lien for same.*—Where a deed of trust directed a trustee, after the execution of certain trusts, to convey certain land to named beneficiaries, on a settlement of the trust, he is entitled to credit as against such beneficiaries for overpayments to them, but has no lien therefor on the land; he is also entitled to interest on the same, but not to commissions.

APPEAL from the Chancery Court of Montgomery.

Tried before the Hon. JERE N. WILLIAMS.

Benjamin H. Micou was the guardian of his two daughters, Clara and Lucy. Sometime during the year 1873, knowing that his daughter Clara was about to be married to F. S. Boykin, and only a few minutes before the performance of the ceremony, Micou called her to him and undertook to settle his guardianship so far as she was concerned by transferring to her thirty thousand dollars of the stock of the Tallassee Factory, and five thousand dollars of other property. At that time the Tallassee Factory was insolvent, and its stock worthless. A receipt was taken by Micou from his daughter Clara in settlement of said guardianship. She was at that time of full age, but the settlement was without the knowledge of her prospective husband. After the marriage, the husband of Clara consulted Henry C. Semple, Esq., and he advised that the settlement could not stand. Thereupon the receipt and the property so delivered to Clara were returned, and a settlement was • had in the probate court of Tallapoosa county of the guardianship of Clara and also of Lucy (the said Benjamin Micou having resigned his guardianship of Lucy); and as a result of such settlement separate decrees were rendered in favor of said Clara and Lucy for $88,000, each, against their father, Benjamin Micou, and his sureties on his bond as guardian, Nicholas D. Barnett and Thomas M. Barnett. At the time of the rendition of this decree, and for a long time prior thereto Micou and the two Barnetts had been in partnership under the firm name of Barnett, Micou & Co.; and at the time of the rendition of said decrees the said firm was insolvent.

On April 4, 1874, Clara and her husband, F. S. Boy-

kin ,and Lucy Micou executed to Henry C. Semple a deed of trust.   This deed provided that the trustee, Henry C. Semple, should purchase certain specified property with those decrees ; and then (1) to secure to Clara and Lucy the title to certain described real estate in the city of Montgomery, clear of expense to them, and one-sixth of all the stock owned by the defendant in said decree which could be bought ; and (2) to purchase as much of the remainder of the property owned by said Micou and the Barnetts as could be sold and purchased under the executions issued on the decrees, and to settle the same as follows : (a) on the wife and children of Micou by his then second wife that portion purchased as his property. (b) On the wives and children of the two Barnetts, respectively, that portion bought as the property of each, respectively.   All the settlements so provided for by the deed of trust were to be in such proportions as the trustee might deem fit and proper.   The deed provided that the property so settled upon each of the families of the Barnetts should be charged with the sum of $8,500 to be paid to Clara and Lucy, making in all $17,000.   The deed then provided that ''all the expense and costs of obtaining and executing said decrees shall be paid by the trustee out of the proceeds thereon, and that the property and money provided herein to be settled on the said Clara and Lucy is to be received by them clear of all expense.''

In November, 1874, the property of Micou and of the two Barnetts, situated in the various counties of the State, was sold and was finally acquired by the trustee under the executions issued on the said decrees. In 1877 a suit by the First National Bank of Montgomery, involving about $20,000, and a number of other suits were filed in the United States Circuit Court at Montgomery, seeking to set aside the judgments recovered by said Clara and Lucy, and to set aside the deed of trust.   The trustee was successful in resisting these suits, and the trust property was thereby preserved.   The trustee continued to exercise the duties devolved upon him by the deed of trust, and to manage and control the property ; and on January 10, 1890, filed the present bill, in which he averred among other things, that the property bought as the property of N. D. Barnett had been settled on his wife and children by proper deeds, and that they had

paid their pro rata share of the costs and expenses ; and it is then averred that the statements in the deed that the property of N. D. Barnett had discharged its one-half of the expense of the trust were made by mistake and mis-understanding of the true facts.    The bill also in addition to the facts as stated above, averred in its sixth paragraph as follows : "That at the time of the execution of said deed of trust, two creditors of the said Thomas Barnett and Nicholas D. Barnett, viz., one Pittman and Lanier, had large judgments against them amounting to some-thing like $13,000, which, under the best advice orator could obtain, and also by the concurrence of both said Thomas M. Barnett and Nicholas D. Barnett, who were then alive and acting in behalf of their respective fam-ilies as natural protectors and advisers, orator agreed to pay as liens on said property, if the said Pittman would buy the property and hold the same as security for his debt until orator could pay him off by rents or sales of the property, and if the other would permit orator to use his judgment in the purchase of the property ; and that this arrangement was made, and that accordingly one of said creditors bought 1000 acres of real estate belonging to said Thomas M. Bar-nett, part of his Montgomery county plantation, and held the title thereto until orator paid said debt, when said property so purchased was conveyed to him by said Pittman as a part of said trust ; and he executed a mortgage on the city dwelling house of said N. D. Bar-nett to one Dawson as trustee for said Lanier to secure his debt, which he has since paid.    Orator asks that his payments of said judgments or of the sums neces-sary to redeem said property so purchased by said judg-ment creditors be allowed as a proper charge."

The prayer of the bill was as follows : "That this court take jurisdiction of this trust, and have the same finally settled and closed under its orders and decrees, and that all proper and necessary orders and decrees be made for that end and purpose ; that preparatory to such settlement the said deed of trust be construed in all parts, and that orator have directions as to the rights of all its parties, and as to how all accounts shall be stated, and how and in what proportions all expenses and costs and fees shall be borne by the said trust estate, and its several parties.    And that it be determined whether or

[Marks v. Semple.]

not any and what compensation shall be made to the heirs of said Lucy B., and Clara E., for the lot adjoining the dwelling of said B. H. Micou, which orator would not obtain, and how and by whom such compensation, if any be decreed, shall be made up; and that if it be determined that the share of the said trust estate to be settled upon the family of B. H. Micou shall bear any, and what proportion, of the expenses of executing the said trust, and that in the event it be determined that such part of the said trust shall bear any part thereof, that orator have such decree over and against the said Mary J. C. Micou and Benjamin, for his indemnity, as may be proper, and that he be allowed to charge the interest of said Lucy B. with the rents of said real estate and value of said personal property belonging to the portion of said trust to be settled upon the family of the said B. H. Micou, and received by her from orator; and orator be allowed all such expenses and costs, payments and charges as he has properly incurred, paid and expended in and about the execution of said trust, and such fees commissions and charges for his remuneration as may, under all the circumstances, be deemed lawful, just and equitable. And that upon all accounts and proper settlements and conveyances being made, the said trust may be finally settled and closed, and orator discharged from further responsibility."

At the fall term 1890 the case was submitted on pleadings and proof, and upon the proof introduced at such hearing, the chancellor rendered a decree on October 18, 1890, ordering a reference to the register to state the account of the trustee under the deed of trust, and gave in said decree directions to the register as to how the account should be stated, among which was the following: "By the words expenses and charges to be allowed the trustee, the court means all charges against and debts due by Clara E. and Lucy B. for the procuring, execution and collecting said decrees, all judgments and executions paid and incurred by the trustee in protecting the trust property, and defending it against litigation of any sort adverse to it." By this decree the trustee was ordered to file his accounts for final settlement. The register in holding the reference, and making his report, fixed the proportion of the costs and expenses, after a statement of the account of the trustee had been

41

[Marks v. Semple.]

made ; and the register's report showed the debits and credits on the trustee's account. Most of the credits allowed the trustee were passed without objection ; but some of said credits were excepted to. These exceptions were all overruled,and the register was directed by a decree rendered on October 3, 1893, to state the account of the trustee on the basis of the findings set out in his said report. This was done, and the register reported his action to the court, after apportioning said credits among the several defendants ; and his action in this behalf, against exceptions of defendants, was confirmed. There was then an ascertainment of the balance due the trustee against many of the defendants, and there was a decree rendered ordering the sale of the trust property for the payment of such ascertained balance. From this last decree the present appeal is prosecuted.

The rulings of the chancellor which were excepted to, and which are specially complained of on the present appeal are as follows : 1st. An allowance to Semple, the trustee, of $8,000 for services as attorney in obtaining and collecting the decrees in favor of Clara E. and Lucy B. 2d. An allowance to him of a credit for the money paid on the Lanier and Pittman judgments. 3d. Allowing him credit for money paid D. T. Blakley for services as attorney in representing guardian on final settlement of his guardianship. 4th. Allowing him credit for moneys paid in the Tallassee Bridge case. 5th. Allowing him $1,500 for services as attorney in the case of the First National Bank against himself and others. There were other allowances, which were excepted to ; but these, together with the other facts necessary to an understanding of the case on the present appeal, are sufficiently stated in the opinion of the court.

TOMPKINS & TROY and GEORGE M. MARKS, for appellants,Barnetts and Marks.—The decrees rendered in 1890 and 1893 were not such final decrees as would support an appeal. They were merely decrees ordering a reference with instructions for the guidance of the register.— *Broughton v. Wimberly*, 65 Ala. 549; *Thompson v. Maddux*, 105 Ala. 326 ; *Kimbrell v. Rogers*, 90 Ala. 339 ; *Walker v. Crawford*, 70 Ala. 567 ; *State v. A. & C. R. R. Co.*, 54 Ala. 139. The trustee was not entitled to compensation as attorney for services in the case of the First National

Bank v. Micou.—*Teague v. Corbitt*, 57 Ala. 529; *Eufaula Nat. Bank v. Passmore*, 102 Ala. 370. The trustee was not entitled to commissions upon advances for the purpose of cultivating the plantation.

The court erred in decreeing a sale of the lands of these appellants to sustain the decree for the sum declared to be due.—3 Brick. Dig., 447, §§ 16–19; *Hughes v. Hatchett*, 55 Ala. 546.

A. A. WILEY, for minor clildren of Lucy B. Noble, appellants.—Money voluntarily paid out, with a fnll knowledge of the facts, is not recoverable back.—*Welch v. Mayor*, 48 Ala. 291. Money paid under mistake of láw, or in ignorance of the law, is not recoverable either at law or in equity.—*Leslie v. Richardson*, 60 Ala. 563; *Hemphill v. Moody*, 63 Ala. 468; *Troy v. Bland*, 58 Ala. 197; *Bailey v Bussing*, 28 Conn. 455; *Burdick v. Glass Co.* 11 Vt. 19; *Jones v. Wilson*, 3 Johns. 434; *Dawson v. Dawson*, 12 Iowa 512.

The appellants, being minors, are not estopped from setting up in this court the defense, as a bar to this action, that the alleged claim or demand of the trustees was not presented, within the time prescribed by the statute, to the personal representative of Lucy B. Noble, deceased; or that a statement thereof was not filed in the court of probate of Montgomery county, as a presentment, or that some sufficient excuse for the failure is not shown. The language of the statute is clear, unambiguous and comprehensive. The demand in this case belongs to that class of claims which must be presented, as above mentioned, or the bar of statute attaches.—*McDowell v. Jones*, 58 Ala. 25; *Owens v. Corbitt* 57 Ala. 92.

THOS. H. WATTS, *contra*.—The decrees rendered in October, 1890 and 1893, were final decrees and would support an appeal therefrom. They settle the equities involved in the case, and settled the basis upon which the register was to proceed in stating his account. *Weatherford v. James*, 2 Ala. 170; *Bank v. Hall*, 6 Ala. 141; *Ansley v. Robinson*, 16 Ala. 793; *Griffin v. Stoddard*, 12 Ala. 783; *Bradford v. Bradley*, 37 Ala. 453; *Mead v. Christian*, 50 Ala. 561; *Jones v. Wilson*, 54 Ala. 50; *Tabor v. Lorance*, 53 Ala. 543; *Smith v. Coleman*, 59 Ala.

260 ; *Ex parte Creswell*, 60 Ala. 378 ; *Lehman v. Robertson*, 84 Ala. 489 ; *Stoudenmire v. DeBardeleben*, 85 Ala. 85 ; *R. & D. R. R. Co. v. Seibert*, 97 Ala. 393 ; *Foley v. Leva*, 101 Ala. 395 ; *Louisville Manfg. Co. v. Brown*, 101 Ala. 273 ; *Ex parte Elyton Land Co.*, 104 Ala. 88 ; *Bridgeport v. Bridgeport, &c.*, 104 Ala. 276.

The trustee was entitled to compensation for the services rendered by him as attorney in the case of the First National Bank v. Micou.   There is no denial of the proposition that a trustee, who · is himself an attorney and who renders services to the estate, is entitled to reasonable compensation therefor, such as a "prudent individual, invested with the functions of administrator, would feel authorized to pay an attorney, taking into consideration all the circumstances of the estate." *Harris v. Martin*, 9 Ala. 895 ; *Snedecor v. Woodruff*, 68 Ala. 442 ; *Griffin v. Pringle*, 56 Ala. 486; *Teague v. Corbitt*, 57 Ala. 541 ; *Clark v. Knox*, 70 Ala. 607 ; *Clark v. Eubank*, 80 Ala. 584.

The commissions allowed were reasonable and fair, and there was no allowance for extra compensation. *Walker v. Ray*, 48 Ala. 468 ; *Raines v. Raines*, 51 Ala. 237 ; *Griffin v. Pringle*, 56 Ala. 486 ; *Lyon v. Foscue*, 60 Ala. 468 ; *Woodruff v. Snedecor*, 68 Ala. 437.

COLEMAN, J.—Clara E. Boykin and Lucy B. Micou, having recovered separate decrees against their guardian, Benjamin H. Micou, and his sureties, Thomas M. and Nicholas D. Barnett, each for the sum of eighty-eight thousand dollars, on the 4th of April, 1874, transferred said decrees to Henry C. Semple, with certain powers and trusts and for certain purposes, all of which are stated in the instrument of transfer and trust.   In 1890 the trustee filed the present bill, the purpose of which is to obtain a construction of certain provisions of the trust, directions as to its execution, the correction of a mistake alleged to have been made by him in favor of some of the beneficiaries of the trust in a settlement made with them, credit for specified expenditures, the allowance of fees and commissions, and for a final settlement of the trust.   Since the execution of the transfer of the decrees and creation of the trust, Clara E. Boykin and Lucy B. Micou have died, and since the filing of the bill, the trustee has died, but all their interests, as well as that

[Marks v. Semple.]

of the other beneficiaries, are properly before the court. The respondents answered the bill, and the cause was submitted for decree. On the 18th of October, 1890, the court entered a decree, and also a decree on the 3d of October, 1893. Errors are assigned upon these two decrees, and the appellees have moved the court to strike them off, basing their motion upon the grounds, that said decrees are final, and that as appellants did not appeal from said decrees or either of them within the time allowed for an appeal from a final decree, they are thereby concluded.

This presents the first question for consideration. We know of no principle of law which would authorize the conclusion, that either of said decrees were final decrees in the sense that all the equities of the case had been adjudicated. Suppose an appeal had been prosecuted from the decree of October 18th, 1890, and the same had been affirmed by this court. Could any one, by examining the pleadings, the note of submission and the decree, determine whether the complainant was entitled to relief in the matter of the mistake alleged to have been made in the settlement with the children of Nicholas D. Barnett? Does the decree grant relief or deny relief in this respect? In what way does the decree adjudicate the question pertaining to the payment of the Pittman and Lanier judgments particularly referred to in the sixth paragraph of the bill? Are these payments to be allowed by the register in stating the account as proper credits or not? A reading of the bill will suggest other grounds upon which relief was prayed which were not adjudicated by this decree. The case was again set down for decision upon these questions, and which in fact were not adjudicated, until the final decree of October 11th, 1894.

The correct rule is stated in *Garner v. Prewitt*, 32 Ala. 13, where it is declared "that if all the equities between the parties are settled, and there remains only a reference to be had, for the ascertainment of the amount, the decree is final." A decree which settles only a part of the equities in the case is not final. Unless this was the rule, an appeal could be taken as often as a decree was rendered settling any of the equities of the bill, and which had no reference to the others.—*Kimbrell v. Rogers*, 90 Ala. 339; *Walker v. Crawford*, 70 Ala. 567.

[Marks v. Semple.]

An appeal will not lie from interlocutory decrees, except in cases provided for by statute; neither can assignments of error upon mere interlocutory orders or decrees, from which an appeal will not lie, be sustained. In such cases the assignment of error must be based upon the final decree. An erroneous interlocutory decree may be cured by a correct final decree. When an erroneous interlocutory decree furnishes the basis and is carried into a final decree, the error of the final decree, is the error against which the assignment must be directed.

The construction of the trust, expressed in the opinion of the chancellor, that the provision for the grantors, Clara E. Boykin and Lucy B. Micou, should not bear any of the expenses of executing the trust, was correct. The instrument is guarded in this respect, and it is clear that the grantees reserved to themselves certain property and interest, independent of all charges. The per centum of expenses imposed upon the other beneficiaries, seems to have been fairly and equitably proportioned. The mistake of the trustee, that the property to be conveyed to the wife of B. H. Micou and to her son, Benjamin Micou, should not be burdened with any of the expenses incident to the execution of the trust, was a mistake of law and not of fact, and the trustee is not entitled to relief against such an error. The trust was fully executed as to the conveyance to these parties, before the filing of the bill, and the trustee is bound by his own acts. What is here said, is not intended to relieve Lucy Micou from responsibility, in so far as she assumed or caused the action of the trustee. As we understand the account stated for the settlement of the trust, and the decree thereon, this was the conclusion of the court. We find no error in allowing the credit for fees paid to Fitzpatrick and to Blakey. The property to be conveyed to the wife and child of Micou, and to the families of the Barnetts, was charged with the expense of obtaining and executing the decrees. There seems to be no question of the reasonableness of these fees, but only whether they are included in the terms of the trust. The guardian was entitled to a reasonable attorney's fee in stating the accounts and making the settlements. These fees might have been allowed against the estate of the wards, and are included in expenses and charges incurred in obtaining the decrees.—*Askew v. Myrick*, 54

Ala. 30; *Clark v. Eubank*, 80 Ala. 584.    We are of opinion that the court properly allowed credits for the settlement of the Tallassee Bridge Company judgments. Although this claim was not reduced to judgment until after the execution of the trust, its existence as a claim antedated the decrees of Clara and Lucy Micou.    It was enforceable against both Clara and Lucy and the property subjected by them to the payment of the decrees in their favor; at least its liability was so threatened and involved as to reasonably justify a compromise of the claim.

There was error in allowing the trustee credit for the payment of the Lanier judgment.    Upon the execution of the instrument creating the trust to the trustee and his acceptance of it, the rights of the parties thereto were concluded and fixed.    The decree in favor of Clara E. Boykin and Lucy B. Micou, had precedence of the judgment recovered by Lanier.    It is contended that this was a debt of honor, and that B. H. Micou, and the Barnetts desired that it be paid.    This is an argument for the consideration of the beneficiaries and not for the court.    As we have stated, the rights of the parties were fixed by the instrument creating the trust, and there is no authority given to the trustee for the appropriation of money, in payment of claims which palpably could not interfere with the execution of the decrees and of the trust.

There was error also in the allowance of the trustee commissions upon advances made annually, for the purpose of cultivating the plantations.    These advances for the most part, were obtained from merchants by mortgaging the trust property.    They were paid from the proceeds of the crops raised on the plantation.    Neither such advancements nor payments are disbursements or collections, which would justify a charge for commissions.    If the trustee had advanced his own money, he would not be entitled to more than legal interest.    The trustee would be entitled to reimbursements for reasonable amounts expended to persons employed and paid by him for superintending the plantations, and he might be justly compensated for his own time and care expended for the same purpose.    Commissions upon the net profits realized from the plantations—that which added to the

trust property as its *corpus*—were properly allowed.—*Beard v. Beard*, 140 N. Y. 260.

The court erred in allowing the trustee a credit for fifteen hundred dollars, for professional services rendered by him in the case of the First National Bank and others. We reaffirm the rule which for a long time has prevailed in this State, that an executor, administrator or trustee, who is also an attorney and renders necessary professional services in that capacity, is entitled to a fair and reasonable compensation.—*Harris v. Martin*, 9 Ala. 895; *Clark v. Knox*, 70 Ala. 607. But it would be manifestly unjust to allow him personal compensation when he has employed counsel to represent him at a fair and reasonable price, for services rendered by him which properly devolved upon employed counsel, and which merely relieved such counsel from the performance of a part of their duties. As was held in *Teague v. Corbitt*, 57 Ala. 545, "Having employed counsel to defend it, and no necessity existing for any assistant or additional counsel, it would be unjust to impose on the estate the burthen of compensation to the administrator for an unncessary service." It appears that Messrs Elmore & Gunter were employed to represent the trust, for a fee of three thousand dollars, which was paid by the trustee and allowed him as a credit. It is contended, however, that soon after the employment of this firm, Mr. Elmore was taken sick, and never able to give his personal services in the cause, and that Mr. Gunter was then comparatively inexperienced. If this firm was employed to secure the services of Mr. Elmore, and these services were not rendered by him, and if it be true that Mr. Gunter was not competent to represent the interests of the trust, we can find no justification for the payment of the fee of three thousand dollars. On the other hand, if the services of Mr. Gunter were reasonably worth three thousand dollars, he was competent to draw the answers in the case. While the evidence shows that the trustee rendered some professional services, it does not show that employed counsel were not competent and were not able and willing to perform every professional duty rendered by the trustee, for which he claims compensation. The case is fairly within the rule laid down in *Teague v. Corbitt*. We have not adverted to the fact that Troy was also employed by the trustee "because of the illness of

[Marks v. Semple.]

Elmore," for which he was allowed a fee of five hundred dollars. The credit of fifteen hundred should not have been allowed.

There was no objection to the credit for compensation to Mr. Phillips, attorney representing the trustee in the bank case on appeal to the Supreme Court of the United States, and it was properly allowed.

The fee of eight thousand dollars allowed the trustee was excessive. The testimony of the trustee in stating the services rendered by him for which this fee was allowed, is in every respect candid and fair. The evidence before this court is the same as that before the register and chancery court, and it is of a character to call for an adjudication uncontrolled by the conclusion reached. In arriving at the value of the services of an attorney, the amount involved and benefit received enter largely into the estimate, but by no means control it. The guardian and his bondsmen were largely involved in their partnership business, and it was evident that nothing would be left them after satisfying their creditors. By the terms of the trust, a liberal provision was made for each of their families. No obstacles were interposed by them in the collection of the decrees. While th settlement of the guardian account involved largo amounts, it required but a short time to state the accounts and to conclude the settlement. The hypothetical questions propounded to witnesses in the main were calculated to elicit reasonably fair and pertinent answers. We are of the opinion that five thousand dollars for the recovery of the decrees, and their enforcements against the property, independent and in addition to the fees paid to Fitzpatrick and to Blakey, would be ample compensation, and no more should have been allowed. This amount, with commissions on amounts other than those which we have held were improperly allowed, would be fair and reasonable compensation for the trustee.

We find some difficulty in satisfactorily determining the question of "mistake of fact," raised by the pleadings and determined by the decree of the chancery court. The bill shows that the trustee had executed deed to the children of N. D. Barnett and that they had been placed in possession of the property. The averment is "but complainant alleges that the statement in said deeds that

the property of N. D. Barnett had discharged its one-half of the expense of said trust were made by mistake and under a misunderstanding of the true facts." In what the "mistake and misunderstanding" consisted is not specified. No objection, however, was raised by exception or demurrer. The final decree granting relief upon this averment of the bill, is based upon the report of the register. The statement of account by the register, which ascertained the amount upon which the final decree was based, contains credits which we have held should not have been allowed. We have also held that the conclusion of the trustee, that the property to be conveyed to the wife and child of B. H. Micou, was not subject to the expense of obtaining and enforcing the decrees conveyed to the trustee, was a mistake of law, and not of fact. We further declare, that while the trustee was entitled to reimbursement for any over-payments made to the children of Barnett, if any such were made, and might retain the same out of any funds remaining in his hands, such payments or advances in excess were not a lien upon the lands conveyed to them. There was no authority given to the trustee to make such payments or advances. His authority and duties were to enforce the decrees, to purchase therewith certain property, to convey free of expense certain property to the grantors and a certain amount of money, to-wit, $8,500 to each of the grantors, to pay all expenses necessary for these purposes, and then to convey the property as therein directed. The making of advances to these children before the execution of the trust and not in furtherance of it, were personal transactions between him, and these *cestuis que trust*, but not an execution of the trust. On the settlement with them he is entitled to interest on such loans or advances, but they are not even proper bases for the allowance of commissions.—*Foscue v.Lyon*, 55 Ala. 456.

The court did not err in refusing to charge the trustee with the personal property on the plantation, and which was purchased with the lands. These remained on the plantations and were useful and necessary for the cultivation of the lands. There is no evidence of a conversion or of waste as to this property by the trustee. The evidence shows that the *cestuis que trust* received the benefit of its use and consumption.

We have noticed all the assignments of error considered in the bri..fs of counsel. We are of opinion the rules declared will enable the court, to proceed with the settlement without further difficulty.

It is ordered that the decree of the chancery court be reversed and annulled in so far as it conflicts with the rules and principles herein declared.

It is further ordered and decreed that the register proceed to hold a reference and state an account, . of which notice will be given by him under the rules of the court, in accordance with the principles and rules indicated in this opinion, and report the same to the next term of the chancery court, to be held in Montgomery county, unless further time be granted by the chancery court, and for this purpose the cause it remanded.

Reversed and remanded.