# Gentry *v.* Lawley.

## *Bill in Equity to Redeem Certain Lands.*

1. *Decree in chancery suit; when shown to be final.*—Where a bill is filed by a mortgagor to redeem certain lands from one alleged to be the mortgagee, and the defendant files an answer and cross bill, claiming that he was not in possession of said lands as a mortgagee, but as a purchaser, and prays in his cross bill to be allowed to retain possession of the land as a purchaser, a decree which, after reciting that the cause was submitted on pleading and proof, then recites, "on consideration thereof, it is ordered, adjudged and decreed" that the demurrer to the cross bill is overruled, that the cross complainant is not entitled to relief, and the cross bill is dismissed; and that the complainants are entitled to relief and to redeem the property; and there then follows directions for the making of an accounting before the register, such a decree is a final decree, which will support an appeal.

APPEAL from the Chancery Court of Bibb.

Heard before the Hon. Thomas H. Smith.

The facts of this case are sufficiently stated in the opinion. The appeal is prosecuted by the defendant in the original bill, from a decree, and the rendition of this decree is assigned as error. The decree itself is copied in the opinion.

Hogue, Lavender & Fuller, for appellant.

Logan & Vandergraaff, *contra.*

SIMPSON, J.—This was a bill filed by appellee for the purpose of redeeming certain lands, held by a mortgagee alleged to be in possession of the lands thereunder. To this bill the appellant filed an answer and cross-bill, claiming that he had not gone into possession under the mortgage, but under a parol·contract, by which appellee sold him the land, the consideration being, the mortgage debt, a release to appellee of the personal property covered by the mortgage, and ten dollars in money which was paid to appellee, when appellant was placed in possession of the land.

The question is raised, in the outset, by counsel for appellee, that the decree, in the case, is not such a final decree as an appeal can be taken from. The decree is as follows: "This cause coming on to be heard, was submitted on pleading and proof as noted, and on demurrer to the cross bill. On consideration thereof it is ordered, adjudged and decreed, 1st; that the demurrers to cross bill be, and the same hereby are, overruled. 2nd; That the cross complainants are not entitled to relief, and that the·cross-bill is dismissed. 3rd; That complainants are entitled to relief, and to redeem the property on paying whatever may be due, and to an accounting from B. M. Gentry as mortgagee in possession. It is, therefore, further ordered and decreed that it be referred to the register of this court to ascertain and report (a) an account of what is due to the defendant for principal and interest on said mortgage. (b), An account of the rents and profits of the said premises, or value of any saw logs cut from lands, which have been received by the said defendant, or by any other person, by his order or for his use, or which might, but for his willful default, have been so received; and that what shall appear to be due to the plaintiff in taking an account of rents and profits, be deducted from what shall appear to be due to the defendant for principal and interest." Direction is then given about how the report shall be had, and the usual expression reserving further orders.

While this court has declared that, when a reference is necessary, the *better practice* is to render an interlocutory decree merely expressive of the opinion formed as to the rights of the parties, etc., *Jones v. Wilson*, 54 Ala. 50, yet it has not declared that all decrees where a reference is made are interlocutory. The result of the decision is, 1st; As to the form of the decree, in order to make a final decree, it is not sufficient to state that "*it seems* to the court that the plaintiff is entitled to relief," or to express the "opinion," that he is, or that "it appears to the court," etc. It must be a clear judicial determination of the fact.—*Vice v. Littlejohn*, 109 Ala. 294 ;*Trump v. McDonnell*, 112 Ala. 256 ; *Ex parte Gist*, 119 Ala. 463 ; *Richardson v. Peagler*, 111 Ala. 478.

2nd; As to the matter of the decree, in order to be final, it must settle all the equities between the parties.—*Garner v. Prewitt*, 32 Ala. 13 ; *Marks v. Semple*, 111 Ala. 637.

We think the decree in this case comes up to the requirements, and is a final decree.

The assignments of error simply raise the question as to whether the court erred in granting to the appellee the relief prayed in his original bill, and as to whether it erred in refusing to appellant the relief prayed in his cross-bill and in dismissing said cross-bill.

If the appellant's contention is sustained, to-wit; that he purchased the land in question from appellee, in consideration of the satisfaction of the mortgage, and other considerations mentioned, then, as a matter of course the prayer of the appellee's bill could not be granted, and the appellant would be entitled to the relief prayed in the cross-bill.

Appellee claims that the contract for the sale of the land cannot be enforced because the property was his homestead, and could not be sold except in compliance with statutory requirements. But there is no allegation in the pleading that said property was his homestead, so that even if the proof on the subject were satisfactory, (which it is not), it would be proof without allegation, which is as insufficient as allegation without proof.

It is true that appellee does allege, in his bill, that, at the time of the purchase of the Crumpton note and debt, by Gentry, appellee was living upon said land with his family, and, in his answer to the cross-bill, he, in general terms, "repeats the averments of the original bill," but we do not regard this as sufficiently definite averment that he was occupying said land as his homestead.

From an examination of all the evidence, while there is some conflict in it, we hold that the decided weight of the testimony shows that Gentry did purchase the property from Lawley, for the consideration mentioned, that he paid him the ten dollars, released the personal property and was placed in possession of the land; that the consideration paid was fair and reasonable and that; consequently, appellant is entitled to the relief prayed in his cross-bill.

The decree is, accordingly, reversed and a decree will be entered up by this court, directing the register of the chancery court of Bibb county to execute a deed of conveyance, conveying to B. M. Gentry all the right, title and interest which Joseph Lawley has, in and to the lands described in the original bill in this case.

Reversed and rendered.

McCLELLAN, C. J., TYSON and ANDERSON, J.J., concurring.