[Birmingham Railway & Electric Co. v. Baker.]

# Birmingham Railway & Electric Co. v. Baker.

*Action against Street Railway Company to recover Damages for Personal Injuries.*

1. *Pleading and practice; sufficiency of judgment on demurrers.* The statement in a judgment entry that "a demurrer to each count of the complaint is, by the court, overruled, and the demurrer to pleas numbered 4, 5, &c., sustained by the court," is nothing more than a mere recital from the memorandum of the clerk of the court, and being in no way a judgment by the court upon the demurrers referred to, assignments of error based upon such recital will not be considered on appeal.

2. *Appeals; when demurrers regarded as being waived.*—Where on appeal the record fails to show any judgment by the court upon demurrers which were interposed to pleas, they will be regarded as having been waived; and the judgment entry reciting that issue was joined, without specifying as to what particular pleas the issue was joined, it will be considered that issue was joined upon all of the pleas.

3. *Contributory negligence; when question of right of way as be-tween a street car and a hose wagon immaterial.*—In an action by the assistant driver of a hose carriage, who was in the employ of the city fire department, against a street railway company, to recover damages for personal injuries resulting from a collision between the hose carriage upon which the plaintiff was riding and one of the cars of the defendant corporation, where the evidence shows that in response to a fire call, the hose wagon on which plaintiff was seated at the place where his duties required him, proceeded from the headquarters of the fire department towards the place of the fire, and that from the time it started to the time of the accident the hose carriage was drawn as fast as the horses could run, and that there was no effort to check the speed of the horses as the hose carriage approached the track of the defendant railway, which ran along one of the principal streets of the city, and that as the hose carriage was crossing the street car track it collided with one of the cars of the defendant, the manner of

driving the hose carriage upon and across the track of the defendant's railway was negligence, proximately contributing to the accident resulting in plaintiff's injury, which precludes the plaintiff's recovery; and in such a case it was wholly immaterial in determining the question of negligence, whether the car on the defendant's track or the hose carriage had a right of way over the street.

4. *Same;same; admissibility of evidence.*—In an action by the assistant driver of a hose carriage, who was in the employ of the city fire department, against a street railway company to recover damages for personal injuries resulting from a collision between the hose carriage upon which the plaintiff was riding and one of the cars of the defendant corporation, where the undisputed evidence sustains the pleas of contributory negligence interposed by the defendant, an ordinance of the city giving the right of way over the streets of the city to fire apparatus, when on duty, over pedestrians and vehicles, is irrelevant and inadmissable in evidence; since under the facts of the case it is immaterial which had the right of way, the hose carriage on which the plaintiff was riding or the car upon the track of the defendant company.

5. *Same; not necessary that such negligence should be sole cause of the accident.*—In an action by the assistant driver of a hose carriage, who was in the employ of the city fire department against a street railway company, to recover damages for personal injuries resulting from a collision between the hose carriage upon which the plaintiff was riding and one of the cars of the defendant corporation, where the undisputed evidence sustains the pleas of contributory negligence, a charge is erroneous which instructs the jury that "It does not make any difference in this action whether the driver of the hose wagon was guilty of negligence or not unless his negligence was the sole cause of the accident."

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action brought by the appellee, James B. Baker, against the appellant, the Birmingham Railway & Electric Company, in which he sought damages for injuries received by him in a collision between a hose-wagon, in which the plaintiff was riding, and a street car belonging to and being operated by the defendant. There were two counts in the complaint. In the first

count the plaintiff alleged that he was upon First Avenue at its intersection with Twentieth Street, in the city of Birmingham, and was upon the hose wagon going to a fire; that the defendant's car, operated by electricity, colllded wth the hose wagon and as a proximate consequence thereof plaintiff was injured. It was further alleged in the complaint that the car collided with the hose-wagon, and that plaintiff suffered his injuries as a proximate consequence of the negligence of the defendant, through it employé or employés, in the management or control of the car. The second count was like the first count, except that instead of alleging that the car collided with the hose wagon and plaintiff suffered his injuries in consequence of negligence, it was averred that the defendant recklessly and wantonly or intentionally caused the injuries and damage to the plaintiff, in that the defendant, through its servants or agents, recklessly and wantonly or intentionally caused the collision. There were demurrers interposed to the complaint, but it is unnecessary to set them out in detail. The defendant interposed nine pleas. The first plea was the general issue. The 4th, 5th, 6th, 7th, 8th and 9th pleas set up the contributory negligence of the plaintiff. There were demurrers interposed to these pleas, but the record does not show that there was any judgment of the court upon these demurrers. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Among the charges asked by the defendant, to the refusal to give each of which the defendant separately excepted, were the following: "If the jury believe the evidence in this case, they should find for the defendant." "If you believe the evidence, you must find for the defendant." ·

There were verdict and judgment for the plaintiff, assessing his damages at $100. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, PORTER & WALKER, for appellant.—The plaintiff should not have been allowed to read the ordinance of the city of Birmingham in evidence, against the objection of the defendant. The court could not take judicial notice of the ordinance; the defendant had not been charged with a breach of the ordinance, and the defendant had not been notified that it was to defend against a breach of the ordinance.—*Case v. Mobile,* 30 Ala. 538; *Ill. Cen. R. R. Co. v. Godfrey,* 71 Ill. 500; *Ill. Cen. R. R. Co. v. McKee,* 43 Ill. 119; *Goldthwaite v. Montgomery,* 50 Ala. 486; 17 Am. & Eng. Encyc. of Law, 262-3, and authorities cited in notes 1, 2, 3, 4 and 5; *Chicago West. Div. Ry. Co. v. Klauber,* 9 Ill. App. 613.

BOWMAN and HARSH, *contra.* The court did not err in its rulings on demurrers to the separate counts of complaint.—*Nelson v. Warren,* 93 Ala. 411; *K. C. M. & B. R. R. Co. v. Crocker,* 95 Ala. 412; *Childs v. The State,* 76 Ala. 95.

DOWDELL, J.—The record in this case shows no judgment by the court upon either the demurrer to the complaint, or the demurrer to the pleas. A statement in the record that "a demurrer to each count in the complaint is by the court overruled, and a demurrer to pleas No. 4, 5, 6, 7 and 8 sustained by the court," is nothing more than a recital or memorandum of the clerk. It has been several times recently decided by this court that assignments of error based upon such recitals cannot be considered.—*Cartlidge v. Sloan,* 124 Ala. 596; *McDonald v. Ala. Mid R'y. Co.,* 123 Ala. 227, where other cases are cited.

There were nine pleas filed to the complaint and demurrers were interposed to the 4th, 5th, 6th, 7th and 8th pleas, and the record failing to show any judgment by the court upon the demurrers, they will be regarded as having been waived, and the judgment entry reciting that "issue being joined," etc. without specifying any particular pleas, it must be considered here, that issue was joined upon all of the pleas.

The injury for which damages are claimed, was caused

by a collision between a hose cart upon which the plaintiff was at the time riding and a street railway car of the defendant corporation. The undisputed evidence shows that the plaintiff was riding upon a hose cart or wagon which was going in response to a fire call, and being driven by the chief driver; that the office of plaintiff was that of assistant driver, and it was his duty to ride upon the wagon and look out for obstructions and in the absence of the driver to have charge and control of the wagon and to drive the same, but had no control when the chief driver was driving, plaintiff's duty being only to assist his chief in any way necessary. In response to the fire call the hose wagon proceeded from headquarters at 4th Avenue and 19th Street along 19th Street to 1st Avenue and up 1st Avenue to 20th Street, where the collision occurred. In the langugage of plaintiff's witness the wagon from the time it started to the time of the accident, was being driven as fast as the horses drawing it could run. The defendant's railway ran along 20th Street and at the intersection of 20th Street and 1st Avenue intersected another street railway which ran along 1st Avenue. The defendant's car, when the hose cart came into 1st Avenue was at a stand-still in said avenue, the car being headed south across the avenue, the rear end being in the foot-path crossing 20th Street, in this position leaving a space of about eight feet between the front of the car and the track of the railway which ran along the avenue. There was no effort to check the speed of the hose cart upon its approach of the track of defendant's railway. The evidence is in conflict as to the movement of the car, that of the defendant tending to show that the car remained at a stand-still and that the hose cart ran into the car, while the plaintiff's tended to show that when the hose cart came within about thirty feet of defendant's track, the motorman on defendant's car put the car in motion, which resulted in the collision and the injury of the plaintiff. The defendant's pleas set up contributory negligence on the part of the driver of the hose cart, and on these pleas issue was joined.

This then presents the simple question as to whether the manner of the driving of the hose cart, as shown by the undisputed evidence, upon or across the tracks of the

defendant's railway, was negligent. The proposition is too plain to admit of doubt, and there can be no hesitancy in answering the question in the affirmative. It is wholly immaterial which had the right of way in the street, the car or the hose wagon, in determining the question of negligence under the facts here presented. If it be conceded that the hose wagon had the right of way, it is plain that such right would not excuse or exempt the driver from the duty of exercising due care and prudence in driving his wagon upon or across the railway of the defendant.

While the complaint contained two counts, one upon simple negligence and the other for wanton or willful wrong, the pleas of contributory negligence were pleaded to the entire complaint, and issue being joined upon them, the case is to be tried upon the pleading as made up by the parties, and the evidence without conflict sustaining the pleas of contributory negligence, the defendant was entitled to the affirmative charge as requested.

The court against the objection of the defendant admitted in evidence an ordinance of the city giving the right of way in the streets of the city, to fire apparatus when on duty, over pedestrians and vehicles. As we have stated above, under the facts in this case, it was immaterial which had the right of way, the car or hose cart, the ordinance was irrelevant, as its only purpose in being introduced was to show that plaintiff's wagon had the right of way.

That part of the oral charge of the court excepted to by the defendant, which instructed the jury that "It does not make any difference in this action whether the driver of the hose wagon was guilty of negligence or not, unless his negligence was the sole cause of the accident," was under the issues and facts erroneous.

As we have stated that under the issues and upon the undisputed facts in the case, the court should have given the affirmative charge as requested by the defendant, we deem it unnecessary to consider the other assignments of error based upon charges refused by the court to the defendant.

For the errors pointed out the judgment of the court is reversed and the cause remanded.