(80 South. 391)

THREADGILL et al. v. DIXIE INDUSTRIAL CO. (5 Div. 718.)

(Supreme Court of Alabama. Dec. 19, 1918.)

APPEAL AND ERROR ⟨key⟩123—SUFFICIENCY OF JUDGMENT—COURT OF APPEALS.

Purported decree in suit to quiet title *held* insufficient to support appeal, in that it was the mere expression of opinion of trial court unaccompanied by any definite, affirmative adjudication or sentence.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Bill by the Dixie Industrial Company against G. A. Threadgill and others to quiet title to land. From the judgment rendered, respondents appeal. Appeal dismissed.

The decree appealed from is as follows:

It is a bill to quiet peaceable possession, and, while the evidence satisfies the court that complainant is entitled to the land in the peaceable possession of complainant, as the foundation of this suit, the same is not sufficiently made out. The witnesses for the defense are not impeached except by internal evidence of weakness, but the court is unable to say on all the testimony that complainant's peaceable and quiet possession is clearly made out.

The court is of the opinion that respondents have not title to the land, upon the evidence which is before the court. The court feels compelled, therefore, to dismiss complainant's bill without prejudice.

It is ordered that complainant pay the costs incurred by it, and the respondents pay the cost incurred by them, to be taxed by the register, for which execution may issue.

James W. Strother, of Dadeville, for appellants.

Bulger & Rilance, of Dadeville, for appellee.

ANDERSON, C. J. As we view what purports to be the decree in this cause, it was the mere expression of the opinion of the trial court unaccompanied by any definite, affirmative adjudication or sentence. There is no finding or adjudication as to who had the title, and, while there is a recital that the court "feels compelled to dismiss" the bill, this is not followed by any order or re-

cital showing that the bill was actually dismissed. The mere expression of an opinion by the trial court, not accompanied by a decree or adjudication of the point or points expressed in the opinion, does not have the effect of a judicial finding or sentence. Ex parte Gist, 119 Ala. 463, 24 South. 831; Ex parte Elyton Land Co., 104 Ala. 88, 15 South. 939; Thompson v. Maddux, 105 Ala. 326, 16 South. 885. The result is that, as the record fails to disclose a decree that will support an appeal, this appeal is hereby dismissed.

Appeal dismissed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.