## JACKSON v. STATE. (6 Div. 255.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

Criminal law ⬤═721½(1)—Unfavorable inferences in argument from defendant's failure to call witnesses held reversible error.

Where defendant introduced testimony that he was in a certain barber shop at the time of the alleged robbery, and that just 'prior to going to the shop he had been in a poolroom and borrowed a dollar from H., argument of the solicitor drawing unfavorable inference from the failure to call H. and certain of the barbers as witnesses was reversible error; such witnesses being accessible to either party.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Haywood Jackson was convicted of robbery, and he appeals. Reversed and remanded.

Murphy & Hanna, of Birmingham, for appellant.

No' unfavorable inference can be drawn, and no unfavorable argument to the jury made, by counsel against a party to a cause, because of the absence of the testimony of a witness in a cause, when that witness is accessible to both parties, and can be introduced and examined by either party as a witness. Forman v. State, 190 Ala. 22, 67 South. 585; Hutcherson v. State, 165 Ala. 16, 50 South. 1027, 138 Am. St. Rep. 17; Du Bose v. Conner, 1 Ala. App. 456, 55 South. 432; Ethridge v. State, 124 Ala. 106, 27 South. 320; Earle v. State, 1 Ala. App. 183, 56 South. 32.

---

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. On the trial the defendant testified and offered the testimony of Son Wiley, a barber, to show that he was in a certain barber shop getting a haircut at the time of the alleged robbery. On the examination it developed that there were two other barbers, named respectively Leon and Hunter, who were in the barber shop at the time defendant claimed to be there; that the shop was located at 318½ Eighteenth street, Birmingham, and that these two men were, at the time of trial, still at the shop, and therefore accessible as witnesses, had it been desirable to summon them. In his closing address the solicitor commented upon the failure of the defendant to offer these two men as witnesses, drawing an unfavorable inference against defendant on account of this fact. The defendant also testified that just prior to going to the barber shop he had been at a poolroom located at 1417 Fourth avenue, Birmingham, and had borrowed a dollar from Chick Henry, who was at the time of trial at the above address. In his closing argument the solicitor drew an unfavorable inference from the fact that defendant had not examined Chick Henry as a witness. Timely and proper objections were made to these arguments of the solicitor. The objections were overruled and exceptions reserved.

These witnesses were accessible to both parties, and the solicitor should not have undertaken to draw inferences unfavorable to defendant by reason of their absence from the trial. Causes of every kind should be tried on the evidence as it is, and not upon inferences to be drawn from facts not in evidence. This is so in civil cases, and doubly so in cases where life and liberty are at stake. The authorities upholding this rule, both as to civil and criminal cases, are collated in Coosa Port. Cement Co. v. Crankfield Co., 202 Ala. 369, 80 South. 451.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.