(100 South. 340)

**HILL v. HILL. (6 Div. 980.)**

(Supreme Court of Alabama. May 15, 1924.)

1. **Appeal and error ⟨⟩76(2)—Opinion in decree stating relationship not followed by order or decree not final, supporting appeal.**

Opinion in decree that proof does not show that partnership existed between parties, but that they were engaged in joint adventure, which was not followed by order or decree that complainant was entitled to relief, or adjudicating fact referred to, *held* not final decree, supporting appeal.

2. **Judgment ⟨⟩216—Decree ordering hearing on question of existence of relation held not subject to exception that status had been determined.**

Where former decree, expressing opinion of court as to relationship of parties, was not final decree supporting appeal, subsequent decree ordering hearing on question of existence of partnership or joint adventure on oral testimony was within court's discretion, and not subject to exception that status had previously been determined.

3. **Appeal and error ⟨⟩1010(1)—Finding of neither partnership nor joint adventure not disturbed in view of evidence.**

Court's finding that neither partnership nor joint adventure existed between parties, under evidence, not disturbed on appeal.

4. **Witnesses ⟨⟩270(2)—Refusing cross-question amounting to self-serving declaration of irrelevant matter not error.**

Where issue was whether partnership existed, complainant's question to defendant on cross-examination as to whether his expulsion from business was not due to resentment over rebuke of defendant's conduct with woman *held* improper as self-serving declaration by complainant of irrelevant matter.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by O. C. Hill against Mose Hill. From a decree dismissing the bill, complainant appeals. Affirmed.

The original bill in this case was filed by the complainant, O. C. Hill, against his father, Mose Hill, for the purpose of dissolving and selling a mercantile partnership alleged to have existed between the parties. After demurrer sustained, the bill was amended, and on appeal by the respondent it was held that a contract and status of partnership was sufficiently shown, and that the bill contained equity and was not subject to the demurrer. Hill v. Hill, 205 Ala. 33, 88 South. 224.

Thereupon testimony was taken by depositions, and on submission the following decree was rendered:

"This cause was submitted for final decree upon pleadings and proof as noted by the register, and upon consideration thereof, the court *is of the opinion* (italics supplied) *that the proof does not show that any partnership existed between the parties complainant and respondent, and that the complainant is not entitled* to the relief as to the dissolution of the partnership, but they were engaged in a joint adventure, and the complainant is entitled to have an accounting.

"It is further ordered, adjudged and decreed by the court that the register hold a reference and state an account between the parties and that he report his actions to this court. This cause is reserved for further orders.

"This the 8th day of April, 1921.

"Hugh A. Locke, Circuit Judge."

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the coming in of the register's report and hearing thereon, it was "further ordered, adjudged, and decreed by the court that the amount due complainant, O. C. Hill, be and hereby is fixed at and in the sum of $2,271.81, which amount the said O. C. Hill shall have and recover of the respondent, Mose Hill, and that execution may issue therefor."

On appeal by the respondent substantial errors to respondent's prejudice were found in the accounting, and the decree was reversed and the cause remanded; the opinion declaring that "the entire cause will be left open for such decisions and decrees as the chancellor may deem proper." Hill v. Hill, 208 Ala. 659, 95 South. 29.

This cause came on to be further heard on March 27, 1923, on complainant's petition for a decree of reference, whereupon the following decree was rendered:

"Upon consideration of the petition of complainant, the court is of the opinion that the existence of a partnership or joint adventure, vel non, between complainant and respondent, should be determined, and the court being desirous of further testimony:

"It is ordered, adjudged, and decreed by the court that this cause be and it hereby is set down for a day certain, to be named by the register, at which time testimony will be taken ore tenus in open court of such witnesses as either complainant or respondent deem advisable to examine. * * *"

Exception was duly taken to this decree, and also motion was made to set it aside, on the ground that the status of joint adventures had been determined by the decree of April 8, 1921, which was a final decree.

Pursuant to the interlocutory decree of March 27, 1923, testimony was taken ore tenus, and on June 1, 1923, on the hearing thereunder, the court was of the opinion that no partnership nor joint adventure existed, and it was "ordered, adjudged, and decreed by the court that no partnership or joint adventure existed between complainant and respondent, and complainant is not entitled to an accounting, and complainant's bill is dismissed out of court at complainant's costs."

Complainant appeals from this decree.

W. M. Woodall, of Birmingham, for appellant.

The trial court, having by final decree settled the equities, and no appeal being taken therefrom, cannot at another term disregard the former final decree. Hill v. Hill, 208 Ala. 659, 95 South. 29; Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Burgin v. Sugg, 210 Ala. 142, 97 South. 216. Complainant was entitled to show upon cross-examination of respondent why he discontinued the joint business. L. & N. v. Sherrill, 152 Ala. 213. 44 South. 631; Smiley v. Hooper, 147 Ala. 646, 41 South. 660.

Morris Loveman, of Birmingham, for appellee.

A decree settling only a part of the controversy is not final. Garner v. Prewitt, 32 Ala. 13. The use of the word "opinion" in the decree, not followed by an adjudication of the matter, did not render the decree final thereon. Thompson v. Maddux, 105 Ala. 326, 16 South. 885; Vice v. Littlejohn, 109 Ala. 294, 19 South. 386; Randall v. Hardy, 107 Ala. 476, 19 South. 971; Richardson v. Peagler, 111 Ala. 479, 20 South. 434; Trump v. McDonnell, 112 Ala. 256, 20 South. 524; Gentry v. Lawley, 142 Ala. 333, 37 South. 829.

SOMERVILLE, J. [1] Under the uniform decisions of this court, the decree of April 8, 1921—in which the trial judge stated that he was of the opinion that no partnership existed between the parties, but that they were engaged in a joint adventure—was not a final decree as to the relation of the parties. Thompson v. Maddux, 105 Ala. 326, 16 South. 885; Randall v. Hardy, 107 Ala. 476, 19 South 971; Vice v. Littlejohn, 109 Ala. 294, 19 South. 386; Richardson v. Peagler, 111 Ala. 479, 20 South. 434; Trump v. McDonnell, 112 Ala. 256, 20 South. 524; Gentry v. Lawley, 142 Ala. 333, 37 South. 829; Threadgill v. Dixie, etc., Co., 202 Ala. 309, 80 South. 391; Bell v. King, 210 Ala. 557, 98 South. 796. These cases hold that the mere expression in a decree of the judge's opinion as to the merits of the case, not followed by an order or decree that the complainant is entitled to relief, or adjudicating the fact referred to, does not constitute a final decree upon the matter, and will not support an appeal.

This was quite plainly the view entertained by this court on the second appeal, when, in reversing the decree granting relief to complainant, it was expressly stated that the entire cause would be left open for such decisions and decrees as the chancellor might deem proper.

[2] It follows that the decree of March 27, 1923, ordering a hearing on the question of the existence of a partnership or a joint adventure, vel non, on testimony to be taken orally before the court, was within the power and discretion of the court, and not subject to the exception taken thereto.

The case of Burgin v. Sugg, 210 Ala. 142, 97 South. 216, referred to by counsel for appellant, is not in point, since the decree there held to be a final decree settling the equities was in fact a decree and not the expression of an opinion merely.

[3] Our consideration of the testimony before the court does not lead us to the conclusion that the finding of the court was erroneous, and we will not disturb it, especially in view of the trial judge's superior advantages in determining the credibility and

weight of the conflicting testimony—a factor of the highest importance in a controversy of this character.

It may very well be—and some features of the evidence show it—that the father allowed his son, O. C. Hill, to act and to appear as his partner, and that outsiders thought they were partners. If that were the question at issue, there could be but little argument as to the proper finding. But all of that may be true—and such conduct is perhaps not unusual under similar conditions—and yet be consistent with the absence of any contractual relation, express or implied, which would create an actual partnership, with its mutual rights and obligations, between the parties.

[4] On the cross-examination of respondent, counsel asked him if his expulsion of complainant from participation in the business was not due to resentment caused by complainant's rebuke of, and protest against, respondent's conduct with a woman, which complainant declared to him would ruin the business and lose the respect of people in the community. We think this question was improper, and amounted to no more than a self-serving declaration by complainant of matters wholly irrelevant to the issue, which was the existence, vel non, of a partnership. But even if the question had been allowed, and had been answered affirmatively, the fact, we conceive, could and would have had no weight, and certainly would not have affected the decision and decree of the court on the issue presented.

We find no ground for a reversal of the decree, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.