114 So.2d 267

Charles COOPER et al.

v.

Ida Bee MANN.

2 Div. 405.

Supreme Court of Alabama.

Aug. 20, 1959.

Archie T. Reeves, Jr., and Reeves & Stewart, Selma, for appellants.

Glen T. Bashore, Clanton, for appellee.

GOODWYN, Justice.

The appellee (complainant) filed in the circuit court of Dallas County, in equity, a bill of discovery against the appel-

lants (respondents). Each respondent separately demurred to the bill. The appeal purportedly is taken by all three respondents from a decree rendered on April 22, 1959, overruling "demurrer of the respondents to the bill of complaint, as last amended." But, on examination of the record, we find no such decree. What we do find are three bench note entries dated April 22, 1959, each of which, except for changing the respondents' names, is as follows:

"22 April 1959. The demurrer filed by Charles Cooper to the bill of discovery is overruled and denied and the respondent is given 20 days in which to further plead.

"James A. Hare, Judge."

This is not a decree from which an appeal lies to this court. Only a formal adjudication by the court will support an appeal or assignment of error. Russell v. Russell, 266 Ala. 189, 95 So.2d 80; Mickwee v. Boteler, 265 Ala. 544, 93 So.2d 151; Mangham v. Mangham, 263 Ala. 672, 83 So.2d 721; Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519; Hiller v. Goodwin, 258 Ala. 700, 65 So.2d 152; Creson v. Main, 254 Ala. 369, 48 So.2d 306; Weems v. Weems, 253 Ala. 205, 43 So.2d 397; Bertrand v. Taylor, 250 Ala. 15, 32 So.2d 885; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472; Wilbanks v. Mitchell, 239 Ala. 167, 194 So. 513; Cooper v. Owen, 230 Ala. 316, 161 So. 98; Skidmore v. H. C. Whitmer Co., 221 Ala. 561, 130 So. 194; Alabama National Bank v. Hunt, 125 Ala. 512, 28 So. 488; McDonald v. Alabama Midland Railway Co., 123 Ala. 227, 26 So. 165; Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583; Mann v. Hyams, 101 Ala. 431, 13 So. 681.

We must take judicial notice whether there is a judgment or decree supporting an appeal. Russell v. Russell, supra.

There is no alternative but to dismiss the appeal.

Appeal dismissed.

LAWSON, SIMPSON and STAKELY, JJ., concur.