158 So.2d 656

Clement A. BRONSON et al.

v.

J. O. YOUNGBLOOD, Jr., as Trustee.

5 Div. 773.

Supreme Court of Alabama.

Dec. 12, 1963.

Fred D. Gray, Montgomery, for appellants.

Harry D. Raymon, Tuskegee, for appellee.

MERRILL, Justice.

Appellants filed a bill of complaint seeking an accounting between the parties as to payments on a series of notes, and sought a temporary and permanent injunction restraining a foreclosure sale under a mortgage which secured the payment of the notes. The trial court found the balance due to be in excess of $600, while appellants contend that it should be slightly in excess of $200.

The appeal is taken from decrees of the court dated December 12, 1962, and January 28, 1963. The latter decree is one denying a motion for rehearing.

■■ A decree denying an application for rehearing in equity will not support an appeal; nor is such a decree subject to review on assignments of error on appeal from the final decree. Equity Rule 62, Code 1940; N.A.A.C.P. v. State, 274 Ala. 544, 150 So.2d 677; Long v. O'Mary, 270 Ala. 99, 116 So.2d 563.

■ Appellee has moved to dismiss the appeal on the ground that the purported decree of judgment of December 12, 1962, will not support an appeal. It reads as follows:

"JUDGMENT

"12–12–63—On hearing this cause in open Court, the Court finds for the Respondent and holds that the Respondents are due the following from Petitioners:

| "Prin. Bal on Notes | $692.37 |
| Int. on past due Note | 24.00 |
| Reasonable Atty. Fee for Foreclosure | 100.00 |
| Advertising Fee | 29.05 |
| T O T A L | $845.42 |

"IT IS FURTHER ORDERED that the temporary injunction be dissolved as of December 20, 1962.

"(Signed) Wm. L. Dickinson
JUDGE

"Filed in office December 20, 1962." (The date 12–12–63 obviously is a self correcting clerical error because it shows on its face it should be 12–12–62).

On December 20, 1962, the court continued the injunction in full force and effect so that part of the purported decree is not before us.

■ Our cases hold that the mere expression in a decree of the judge's opinion as to the merits of the case, not followed by an order or decree that complainant is entitled to relief, or adjudicating the fact referred to, does not constitute a final decree upon the matter, and will not support an appeal. Hill v. Hill, 211 Ala. 293, 100 So. 340, and cases there cited. This principle was applied in the Hill case to a decree

**16**

dated April 8, 1921, which is quoted by the reporter in the statement of that case.

We have held the following to be insufficient to support an appeal: "The within demurrer is overruled, and Respondents have 20 days to answer, if they be so advised. Done this Dec. 22, 1949, Walter B. Jones, Circuit Judge." Creson v. Main, 254 Ala. 369, 48 So.2d 306. Similarly see, Weems v. Weems, 253 Ala. 205, 43 So.2d 397; Mangham v. Mangham, 263 Ala. 672, 83 So.2d 721; Cooper v. Mann, 269 Ala. 505, 114 So.2d 267.

In Moore v. Shipp, 262 Ala. 664, 81 So.2d 352, we held that the following was not a decree but was merely expressive of the opinion of the court—"The Court is of the opinion that the Complainant is entitled to the relief prayed for in his bill of complaint, as amended."

Our cases are uniform to the effect that only a formal adjudication by the court will support an appeal or assignment of error. Mickwee v. Boteler, 265 Ala. 544, 93 So.2d 151, and cases there cited.

The purported decree or judgment here was no more than a bench note or memorandum of what the formal decree should contain. Until the formal decree was entered on the minutes by the register, reciting that "it is ordered and adjudged by the court" or "it is the judgment of the court that," or words of equivalent import, the writing here is without appealability because it lacks the character of actuality as a decree or judgment, and is without probative force. Wynn v. McCraney, 156 Ala. 630, 46 So. 854; Edwards v. Davenport, 11 Ala.App. 423, 66 So. 878. This last case is the only authority cited by appellants to sustain the appealability of the decree, but as we read the opinion, the case is authority for the dismissal of the appeal.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.