192 So.2d 718

**Elma Still SHARP et al.**

v.

**ELLIOTSVILLE CUMBERLAND PRES-
BYTERIAN CHURCH.**

**7 Div. 737.**

Supreme Court of Alabama.

Dec. 8, 1966.

Coleman & Hancock, Birmingham, for appellants.

Karl C. Harrison, Columbiana, for appellee.

COLEMAN, Justice.

Complainants appeal from a decree establishing a disputed boundary line as claimed by respondent in its cross bill.

Appellants have made eight assignments of error. The argument section of appellants' brief, including certificate of service, covers only five pages. No assignment is referred to in argument by number or substance. In the first paragraph of argument, appellants do refer to appellee's cross-bill and appellants' demurrer thereto, and we will take this first paragraph as intended to be an argument in support of assignment 1 which recites:

"1. The court erred in overruling the complainants' demurrer to the respondents and cross-complainants' cross bill (R. 12)."

On page 12 of the transcript, the only entry which purports to be, or to have reference to, any ruling on a demurrer recites as follows:

"6-25-65: Demurrers overruled by A. L. Hardegree, Judge."

■■■ Only a formal adjudication by the court will support an appeal or assignment of error. Cooper v. Mann, 269 Ala. 505, 114 So.2d 267; Birmingham Railway & Electric Co. v. Baker, 126 Ala. 135, 28 So. 87. When judged by the standards set out in the cases cited and the authorities referred to therein, the quoted entry from page 12 does not show a formal adjudication on the demurrer, and, therefore, assignment 1 is not sustained by the record and shows no ground for reversal.

The remainder of appellants' argument appears to be in support of assignment 8 and other assignments which assert the same error that is asserted in assignment 8, which recites:

"8. The court erred in entering a final decree in favor of respondents and cross-complainants and against the complainants in that there is no evidence to support said final decree (R 203-204)."

Appellants say in argument: "There is no evidence of any nature to substantiate the decree in this aspect"; and appellants "respectfully request that said decree be set aside and a boundary line decreed between appellants and appellees' property, based upon the record title and survey as alleged in the complainants' bill of complaint."

■■■ Assignment 8 is an assignment of "the insufficiency of the evidence to sustain the verdict or finding in fact or law." When such an assignment is made, then the statement of facts "shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely." Supreme Court Rule 9, Appendix, Title 7, 1958 Recompilation of Code 1940; 261 Ala. XXII.

In the instant case, the evidence covers one hundred and eighty-seven transcript pages. Eighteen witnesses testified. Appellants have mentioned in their brief the names of all eighteen witnesses, but it is not clear that appellants have set out in narrative form the entire, pertinent testimony of all the witnesses. The entire statement of facts covers not more than seven pages of appellants' brief.

We note the following excerpt from the statement of the testimony in appellants' brief:

"Mr. L. C. Walker, testified for appellees that he knew the property for 70 years and that the rail fence and big pine tree was the boundary line between the property. [T-94] and he had helped erect the wire fence later [T-97] but later said he put in the wire fence in 1915 [T-98, 99] and one brick column was on the corner [T-99].

"Mr. Cecil Ziederhook testified for appellees that the old rail fence was replaced by a wire fence and constituted the boundary as claimed by appellees. He further testified Mr. Young surveyed where the first line was [T-111] and he helped him start the survey [T-112].

"Mr. Jimmy Roy, surveyor, testified for appellees that his drawing, not a survey, made the basis of appellees' contended line; Respondent's Exhibit 6B, [T-127], was not based on any deed, government line or corner [T-126]. Appellant notes here that this is the same description used by the court in its decree establishing the boundary line [T-203; 204].

"Mr. Tom Larrey added no difference in testimony than previously given and Mr. E. C. Acton testified for appellees, a wire fence was the boundary line and was nailed to a pine tree. Mrs. Justina Fulton Weaver testified for appellees that the rail fence ran from the pine tree to the road [T-142]. Mr. Robert Butler, testified for appellees, that the rail fence and wire fence was the boundary between appellants' and appellees' property [T-150]. Lavada Harper testified in substance similar to the other testimony of appellees * * *."

The foregoing quotation from appellants' brief is their entire narrative statement of the testimony of eight witnesses which covers eighty pages of the transcript.

The court decreed that the true line is determined by beginning in the center of a marble or limestone marker and running specified courses and distances

"* * * to a point where an old existing fence intersects said point and said point being the point of beginning of the line herein described between the Elliotsville Church property and the Still Estate; thence easterly along the said old existing fence a distance of 269.0 feet, more or less, to a big pine tree, recognized as being the corner of the church lot, being at the northeast corner of the Church lot. Said line is lying in the SW 1/4 of NW 1/4, Section 14, Township 21 South, Range 3 West, Shelby County, Alabama. * * *."

 We are of opinion that we must affirm the decree for one or the other of two reasons. If appellants have not fully presented the substance of the pertinent testimony of all witnesses clearly and concisely, then appellants have not complied with Rule 9 and

"* * * By such noncompliance, appellant waived the assignments going to the insufficiency of the evidence to support the decree. Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246; Case v. Ward, 276 Ala. 242, 160 So.2d 859; Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361; Evergreen Heading Co. v. Skipper, 276 Ala. 623, 165 So.2d 705." Alabama Farm Bureau Mutual Casualty Ins. Co. v. Crestman, 277 Ala. 410, 411, 171 So.2d 119.

If, however, appellants have set out all pertinent evidence, then the statement which we have quoted from appellants' brief shows that there is evidence to support the court's finding that the true line is the line of the old fence. There may be evidence to the contrary, but it seems to us that the statement of facts in appellants' brief shows substantial evidence to support the decree.

The well established rule by which this court is to be guided in the instant case is that the finding of fact by the trial court will not here be disturbed unless we are persuaded that it is plainly and palpably wrong. Ex parte State ex rel. Grace, 224 Ala. 273, 139 So. 288.

This court will not disturb a decree of the trial court, where the witnesses testify orally before the court, unless we are satisfied that the decree is palpably wrong. Hale v. Hale, 259 Ala. 666, 68 So.2d 63.

Under the rule, the instant decree is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.