208 So.2d 206

**William Edward McGRAW, Sr.**

v.

**Bettie Tinsley McGRAW.**

**6 Div. 494.**

Supreme Court of Alabama.

March 7, 1968.

McDuffie & Holcombe, Tuscaloosa, for appellant.

Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, for appellee.

HARWOOD, Justice.

This is an attempted appeal from a purported order entered in the proceedings below wherein Bettie Tinsley McGraw filed a petition to modify a prior final decree rendered in a divorce action brought by William Edward McGraw, Sr., against Bettie Tinsley McGraw. In the divorce proceedings custody of the minor son of the parties was awarded to William Edward McGraw, Sr.

In the proceedings to modify the prior divorce decree in the aspect of the custody of the minor son, considerable testimony was taken. We see no need to set forth this testimony for at the threshold of our review we are confronted with the question of whether an appealable decree was rendered by the court below.

At the conclusion of the presentation of the evidence, the Chancellor stated that he wanted the record to show that he had had the minor child testify before him without his mother or father being present, but in the presence of the attorneys for the respective sides. In this hearing the child made clear his dislike of his father and his love for his mother. The Chancellor stated that he was impressed with the intelligence of the child and despite the sordid and lurid aspects of the testimony, he was also impressed that Mr. and Mrs. McGraw were of above average intelligence and "above average in many respects."

The Chancellor then made observations as to the difficulty of child custody cases and his sentimental regard for children. He recounted a particular case he had prosecuted while solicitor involving the murder of a five year old child in which a sentence of death was imposed. The Chancellor ended his statement in the following language:

"I am frank to say I cannot bear the thought of being responsible for causing this young boy any further misery. He has had untold misery. I am going to rule the mother is entitled to the custody

**8**

of the child and I want the attorneys, if they will, to work out a period of reasonable visitation for Mr. McGraw, and that is my decision and I hope the good Lord will back me up in it."

At the end of this statement by the Chancellor, the court reporter has noted, "(End of Proceedings.)"

In the record there appears a document entitled "Order of the Court." This document is but a verbatim copy of the statement made by the Chancellor at the conclusion of the proceedings except there is further added, "Done in Open Court this the 27th day of June, 1967 /s/ Fred W. Nicol Judge Presiding" with the further notation "Filed Jun 28 1967."

At most the purported order contains a mere expression of the judge's opinion as to the merits of the case, and as to what he intended to rule. Completely absent from the order is any formal adjudication by the Chancellor.

■■ Only a formal adjudication by a court will support an appeal or an assignment of error, and in the absence of such adjudication, we must take judicial notice of such deficiency. There being no appealable judgment or decree in this record, we have no alternative but to dismiss the appeal. Threadgill v. Dixie Industrial Co., 202 Ala. 309, 80 So. 391; Hill v. Hill, 211 Ala. 293, 100 So. 340; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Moore v. Shipp, 262 Ala. 664, 81 So.2d 352; Cooper v. Mann, 269 Ala. 505, 114 So.2d 267; Sharp v. Elliotsville Cumberland Presbyterian Church, 280 Ala. 266, 192 So.2d 718; Dumas v. Hollins, 228 Ala. 644, 154 So. 781.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.