219 So.2d 632

**Sam L. REAMES**

v.

**J. B. HOLMAN, Guardian.**

**7 Div. 716.**

Supreme Court of Alabama.

Feb. 20, 1969.

Sam L. Reames, Birmingham, for pro se.

Guy Sparks, Anniston, for appellee.

COLEMAN, Justice.

One Wallace Kelley was declared to be a person of unsound mind by the probate court. A guardian was appointed for Kelley. By order of the circuit court, administration of Kelley's estate was removed to the circuit court, in equity.

Subsequently, appellant filed in the circuit court, in equity, a petition or motion asking that appellant be paid certain specified amounts for professional services rendered for Kelley by appellant as attorney at law. It appears that the services were rendered subsequent to the judgment which declared Kelley to be of unsound mind.

Appellant asked that the amount claimed be paid by Kelley's guardian. The guardian resisted appellant's motion.

After hearing ore tenus, the court denied appellant's motion and dismissed it by decree rendered May 25, 1965.

Appellant filed an application for rehearing. The court rendered a decree

denying the application for rehearing on July 26, 1965.

Appellant filed security for costs of appeal "from the judgment rendered in the Circuit Court of Calhoun County, Alabama, on the 26th day of July, 1965."

The decree of July 26, 1965, does not modify the prior final decree. Equity Rule 62 provides:

"  .   .   .   . No appeal will lie from such order unless it modifies the decree. .   .   .   ."

"We have held that judicial notice must be taken of the absence of a judgment or decree supporting an appeal. (Citations omitted)" Dawson v. Campbell, 270 Ala. 586, 587, 120 So.2d 727.

"A decree denying an application for rehearing in equity will not support an appeal;  .   .   .   . " Bronson v. Youngblood, 276 Ala. 14, 15, 158 So.2d 656, 657.

Numerous other cases are cited in Alabama Digest, Appeal & Error, ☞ No. 110.

It is unmistakably clear that the instant appeal is taken from the decree of July 26, 1965, which is a decree overruling a motion for rehearing in equity and will not support an appeal.

"We have no alternative but to dismiss the appeal for want of jurisdiction. It has been held consistently that no appeal will lie from a decree overruling a motion for a rehearing in equity. Ogle v. Ogle, 270 Ala. 201, 117 So.2d 191, and numerous authorities there cited." Hale v. Kirby, 271 Ala. 289, 290, 122 So.2d 919, 920.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.