226 So.2d 151

**MICHIGAN NATIONAL BANK, a Corp.**

v.

**Thomas J. MIZELL and Mary Mizell, Jointly and Individually.**

**I Div. 428.**

Supreme Court of Alabama.

Aug. 14, 1969.

B. F. Stokes, III, E. Graham Gibbons, Mobile, for appellant.

Leon Duke, Mobile, for appellees.

COLEMAN, Justice.

The "APPEAL BOND" in this record recites that the appellant has obtained an appeal:

"\* \* \* to supersede and reverse a judgment recovered by the \* \* \* (appellees) against the \* \* \* (appellant) \* \* \* on the 7th day of October, 1966,

of the Circuit Court of Washington for Washington County * * *." (Par. Added)

The only entry in the record which purports to be a judgment dated October 7, 1966, is a *"MINUTE ENTRY"* which recites as follows: ..:

"10-7-1966, This day, this cause coming on to be heard, and the same being heard, Jury and verdict for the defendants on their plea in Recoupment, assessing their damages at $2,000.00."

In Bell v. Otts, 101 Ala. 186, 13 So. 43, 46 Am.St.Rep. 117, this court considered a purported judgment which recites:

" 'This day came the parties by their attorneys, and the demurrers to pleas were sustained by the court, the material facts therein averred being provable under the general issue; and, issue being joined, thereupon came a jury of twelve good and lawful men, to-wit: R. W. Beck and eleven others, who, being duly sworn and impanelled according to law, on their oaths say: "We, the jury, find for the plaintiff for the land sued for, viz., S. ½ of S.E. ¼ of Sec. 6, T. 13 S., R. 2 W., in Jefferson Co., and twenty-five dollars damages for detention as against defendant, Martha Bell," and judgment is rendered against defendants Samuel Mace and Henry Edwards for the land sued for, together with all the costs in this behalf expended, for which execution may issue.' " (101 Ala. at·187, 13 So. at 43.)

In holding such an entry insufficient, this court said:

"A judgment should be complete and certain in itself, and must appear to be the act—the adjudication—of the court, and not a memorandum or certified result. Speed v. Cocke, 57 Ala. 209. Among various definitions of a 'judgment' in the books, not differing in legal effect from each other, we have the one, —that it is 'the final consideration and determination of a court of competent jurisdiction, upon the matters submitted to it.' 1 Freeman on Judgments, § 2; Whitwell v. Emory, 59 Am.Dec. 220. The language of a judgment is, 'it is considered by the court, that the plaintiff have and recover, or that the defendant go without day.' If, ever, what purports to be a judgment falls short of being a finding—an adjudication of the court— complete and certain, but is in substance a mere memorandum of the clerk, which declares, as here, no more than that a judgment was rendered, without setting out what the judgment was, it can not be sustained as the final consideration and determination of the court. Bank v. Godbold, 3 Stew. (Ala.) 240; Hinson v. Wall, 20 Ala. 298.

"There is here absolutely nothing in the shape of a judgment against the defendant Martha Bell for anything; and, as for the other defendants, there is simply a declaration that judgment is rendered against them for the land and costs, but no judgment is in fact rendered. This entry is lacking in form and material averments to constitute a judgment, and to support it as such would be to sanction an uncertainty and looseness in the record and preservation of solemn and important judicial ascertainments, such as would be pernicious.

"Our conclusion is there is no such judgment here as will support an appeal, and it is therefore dismissed." (101 Ala. at 188, 13 So. at 43.)

In the instant case, the mere copy of what appears to be the judge's bench notes is not a judgment which will support an appeal. At best, the entry is merely a memorandum indicating that a jury had rendered a verdict for defendants.

"A final judgment is necessary to give jurisdiction on appeal to this court of the case; it cannot be waived by the parties, and, for want of it, we cannot review the rulings of the trial court. * * *" Mason v. McClain, 271 Ala. 93, 94, 122 So.2d 519.

"Only a formal adjudication by a court will support an appeal or an assignment of error, and in the absence of such adjudication, we must take judicial notice of such deficiency. There being no appealable judgment or decree in this record, we have no alternative but to dismiss the appeal. Threadgill v. Dixie Industrial Co., 202 Ala. 309, 80 So. 391; Hill v. Hill, 211 Ala. 293, 100 So. 340; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Moore v. Shipp, 262 Ala. 664, 81 So.2d 352; Cooper v. Mann, 269 Ala. 505, 114 So.2d 267; Sharp v. Elliotsville Cumberland Presbyterian Church, 280 Ala. 266, 192 So.2d 718; Dumas v. Hollins, 228 Ala. 644, 154 So. 781." McGraw v. McGraw, 282 Ala. 7, 8, 208 So. 2d 206.

Appeal dismissed.

SIMPSON, HARWOOD and BLOODWORTH, JJ., concur.