235 So.2d 236

James Louis **DEES**

v.

**George H. DEES, Individually, etc., et al.**

**3 Div. 290.**

Supreme Court of Alabama.

April 30, 1970.

Tipler & Fuller, Andalusia, for appellant.

Edwin C. Page, Jr., Evergreen, Brooks, Garrett & Thompson, Brewton, for appellees.

LAWSON, Justice.

This is an appeal by J. Louis Dees, one of the respondents below, from a decree of the Circuit Court of Conecuh County, in Equity.

Mrs. Roena Martin Dees died testate on August 12, 1959, possessed of a considerable amount of real property in Conecuh County. In her will, which was executed on January 19, 1934, Mrs. Dees in a residuary clause devised all of her real property, not covered by specific devises, to seven of her children, all of whom survived her.

As to her real property not covered by specific devises, Mrs. Dees in the residuary clause devised an undivided one-ninth interest to her sons W. Everett Dees, Henry L. Dees, Jr., and George H. Dees, and the same interest to two of her daughters, Octavia Dees Carter and Mattie Dees Stanton. She devised a two-ninths undivided interest in that property to her son J. Louis Dees and a two-ninths undivided in-

terest therein to George H. Dees, in trust, for testatrix' daughter, Evelyn Nadine Dees, who is non compos mentis.

The bill in this case was filed on June 28, 1965, by George H. Dees, in his individual capacity and in his capacity as trustee for his sister, Evelyn Nadine Dees, and by Octavia Dees Carter and Henry L. Dees, Jr., against Mattie Dees Stanton, J. Louis Dees and W. Everett Dees.

A guardian ad litem was appointed for Evelyn Nadine Dees. W. Everett Dees died pending the litigation and the trial court ordered that "the cause be revived as against the said Pauline A. Dees and that she be substituted as party respondent herein and the cause proceed as against her." Pauline A. Dees is the sole beneficiary under the will of W. Everett Dees.

There are several aspects in the bill, each of which relates to the real property covered in the residuary clause of Mrs. Dees' will.

But on this appeal we are concerned with only two aspects of the bill, in one of which the complainants attacked the validity of a deed which Mrs. Dees executed to her son, J. Louis Dees, the appellant here, on April 5, 1954. The description in that deed encompasses approximately 125 acres of land, most of which would pass under the provisions of the residuary clause of Mrs. Dees' will except for the deed. The bill alleges that said deed is invalid because Mrs. Dees was mentally incompetent at the time it was executed and because the deed resulted from the exercise by J. Louis Dees of undue influence over the grantor, his mother.

The other aspect of the bill with which we are concerned is that which was apparently designed to invoke against the respondent, J. Louis Dees, the doctrine of estoppel in pais; that is, by his conduct, including his silence, he is estopped to claim title under said deed of April 5, 1954.

Following an extended hearing wherein the testimony was taken ore tenus, the trial court found that Mrs. Dees was not mentally incompetent at the time she executed the deed of April 5, 1954, and that the grantee in that deed, J. Louis Dees, did not exercise undue influence over Mrs. Dees to get her to execute the deed. The trial court did find, however, that there was "no valid delivery" of the deed during the lifetime of Mrs. Dees and it is apparent from the record that it was on that ground that the trial court decreed the deed of April 5, 1954, to be "wholly invalid" and "null and void."

We entertain the view that the trial court erred in invalidating the deed in question on the ground that there was "no valid delivery" of that deed during the lifetime of the grantor, Mrs. Dees.

■ Appellees concede that there are no averments in the stating part of the bill attacking the validity of the deed in question because of nondelivery. But appellees say, in effect, that because their bill prayed for general relief the trial court was justified in invalidating the deed on a ground not asserted in the bill. Appellees did not need a prayer for general relief to justify a decree invalidating the deed in question. They specially prayed for that relief. A general prayer does not operate to authorize an equity court to grant relief which could be granted under a special prayer except for the lack of averments. Our case of Wood v. Cantrell, 224 Ala. 294, 140 So. 345, cited by appellees, does not support their contention.

Appellees also cite Tilley's Alabama Equity Pleading and Practice, § 168, where it is said: "* * * If, *under the averments,* complainant is entitled to relief of the character prayed, the court under the general prayer will mold the relief to meet the equities as they appear. * * *" (Emphasis supplied) The words which we have italicized are pivotal to the accuracy of that statement. Here, there are no averments in the bill attacking the validity of the deed in question on the ground of nondelivery. Hence, that deed cannot be invalidated on that ground either under a special or general prayer.

In Cox v. Cox, 267 Ala. 372, 102 So.2d 23, several of our cases are cited in support of our holding that relief under the general prayer must be consistent with the allegations of the bill.

In our recent case of Mid-State Homes, Inc., v. Ledford et al., 284 Ala. 613, 227 So.2d 126, the complainants sought to enjoin the foreclosure of a mortgage on the grounds that they signed the mortgage "in blank," but not before a notary public; that there had been misrepresentations on the part of the respondent, through its agents, as to the amount to be inserted in the blanks; and that the mortgage secured a usurious debt. Although the opinion does not so indicate, the complainants prayed for general relief.

The trial court decreed that the mortgage was invalid and could not be foreclosed because one of the complainants had not signed the mortgage, nor had it been signed for him by one whom he had authorized to sign.

In other words, the trial court granted the relief for which complainants prayed, but its decree was based on a ground not alleged in the bill.

On appeal by the respondent below we reversed, saying in part as follows:

"As we view the record, the final decree was predicated on a finding by the court that the mortgage was invalid because the appellee, Jim Ledford, did not sign the same.

"The decree was therefore based on a nonexistent issue. As we have observed, supra, the bill of complaint alleged the mortgage was signed in blank, and that the blank spaces were fraudulently filled in with amounts in excess of that agreed upon.

*    *    *    *    *    *

Inasmuch as there was no issue of fact presented by the pleadings that appellee Jim Ledford did not execute or sign the mortgage, the predication of relief on the ground that the husband did not sign the mortgage was error to reverse." (284 Ala. 614, 227 So.2d 127, 128):

We have stated above that we are concerned on this appeal with the aspect of the bill which sought to invoke against the respondent, J. Louis Dees, the doctrine of estoppel in pais. As we pointed out, there are averments of the bill which were apparently drawn to invoke that doctrine. There was no special prayer for that relief. But there was a prayer for general relief. So if, under the averments of the bill and the proof, the complainants were entitled to relief of that character, the trial court could have granted such relief.—Wood v. Cantrell, supra; Barran v. Roden, 263 Ala. 305, 82 So.2d 398; Thaggard v. Union Bank & Trust Co., 277 Ala. 485, 172 So.2d 49.

But in this case the trial court did not decree that J. Louis Dees is estopped to claim under the deed of April 5, 1954. After reciting certain facts, the trial court merely observed: "* * * and by reason of such actions, JAMES LOUIS DEES is now effectually estopped from asserting any title under the deed in question."

This statement or observation by the court is no stronger than an opinion by the court. Only a formal adjudication by the court will support an appeal or assignment of error. The appellant, J. Louis Dees, has not been effectively estopped to claim title under the deed of April 5, 1954, because there has not been a formal adjudication by the court to that effect.—McGraw v. McGraw, 282 Ala. 7, 208 So.2d 206; Sharp v. Elliotsville Cumberland Presbyterian Church, 280 Ala. 266, 192 So.2d 718; Bronson v. Youngblood, 276 Ala. 14, 158 So.2d 656; Hill v. Hill, 211 Ala. 293, 100 So. 340, and cases cited. We take judicial notice of such a defect in a decree or judgment.—Russell v. Russell, 266 Ala. 189, 95 So.2d 80; Cooper v. Mann, 269 Ala. 505, 114 So.2d 267. Hence, the assignments of error based on the provisions of the decree relating to estoppel will not be considered.

Because of the error of the trial court in decreeing that the deed of April 5, 1954, is void because of nondelivery, the decree of

the trial court is reversed and the cause is remanded.

Reversed and remanded.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.