274 So.2d 313

**Ellis CAMPBELL et al.**

v.

**WATER WORKS AND GAS BOARD OF the TOWN OF RED BAY.**

**SC 4.**

Supreme Court of Alabama.

March 8, 1973.

. Taylor & Taylor, Russellville, for appellants.

Guin, Guin, Bouldin & Porch, Russellville, for appellee.

PER CURIAM.

A final judgment is necessary to give jurisdiction to this Court on appeal. Marsh v. Wittmeier, 280 Ala. 172, 190 So. 2d 920; State v. Reece, Minor 266; State v. Grayson, 220 Ala. 12, 123 So. 573; Wallace v. Screws, 225 Ala. 187, 142 So. 572; Alston v. Marengo County Board of Education, 224 Ala. 676, 141 So. 658; Wise v. Spears, 200 Ala. 695, 76 So. 869; State ex rel. Wright v. Kemp, 205 Ala. 201, 87 So. 836; Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76; Bradford v. Engelhardt, 276 Ala. 201, 160 So.2d 485; Mason v. McClain, 271 Ala. 93, 122 So.2d 519; Townsend v. McCall, 262 Ala. 235, 78 So. 2d 310; Johnson v. Westinghouse, Church, Kerr & Co., 209 Ala. 672, 96 So. 884; Dees v. Dees, 285 Ala. 597, 235 So.2d 236; McGraw v. McGraw, 282 Ala. 7, 208 So.2d 206; Michigan National Bank v. Mizell, 284 Ala. 493, 226 So.2d 151.

In the absence of a final judgment or decree, we must dismiss the appeal ex mero motu. Taylor v. Major Finance Co., 289 Ala. 458, 268 So.2d 738; Marsh v. Wittmeier, supra; Alston v. Marengo County Board of Education, supra; Wise v. Spears, supra; Martin v. Alabama Power Co., supra; Moss v. Upchurch, 278 Ala. 615, 179 So.2d 741; Bradford v. Engelhardt, supra; Heffelfinger v. Lane, 239 Ala. 151, 194 So. 504; Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664; Cooper v. Cooper, 216 Ala. 366, 113 So. 239; Clements v. Hodgens, 210 Ala. 486, 98 So. 467; Blackford v. Jefferson Specialties, Inc., 286 Ala. 205, 238 So.2d 706; Buchanon v. City Board of Education, 288 Ala. 474, 262 So.2d 296; State ex rel. Powell et al. v. General Acceptance Corp., 269 Ala. 627, 114 So.2d 920; Simmons v. Hale, 283 Ala. 685, 220 So.2d 851; McGraw v. McGraw, supra.

Ellis and Elizabeth Campbell brought this suit against Texas Eastern Transmission Corporation, Town of Red Bay, the Water Works and Gas Board of the Town of Red Bay, the City of Red Bay and the Water Works and Gas Board of the City of Red Bay.

The plaintiff struck the Town of Red Bay and the City of Red Bay as defendants. We are unable to determine the fate of the Water Works and Gas Board of the City of Red Bay from the judgment entry. Perhaps it was considered as the same entity as the Water Works and Gas Board of the Town of Red Bay which filed a plea in abatement containing five so-called grounds. The plaintiffs interposed a demurrer to that plea in abatement. The trial court sustained the demurrer as to grounds four and five of the plea but overruled it as to the first three grounds.

It appears that issue was joined on the first three grounds of the plea in abatement and that the issue so raised was tried before a jury which returned a verdict in favor of "the defendant the Water Works and Gas Board of the Town of Red Bay, a public Corporation on its plea in Abatement."

The judgment entry after setting out the jury verdict concludes:

"It is ordered and adjudged upon the verdict of the jury, that matter is abated as to this defendant the Water Works and Gas Board of the Town of Red Bay, a public corporation. Plaintiff dismisses Texas Eastern Transmission Corporation, a corporation, as party defendant. The plaintiff moves the court, based on the court's judgment on the verdict of the jury to abate the action as to the defendant, for a non-suit with leave to appeal, on the record, motion granted."

Such an entry does not contain the essentials of a final judgment necessary to support an appeal to obtain the review au-

thorized by Section 819, Title 7, Code; Marsh v. Wittmeier, supra; Wallace v. Screws, 225 Ala. 187, 142 So. 572; Alston v. Marengo County Board of Education, supra; Martin v. Alabama Power Co., supra; Bradford v. Engelhardt, supra; Mason v. McClain, supra; Heffelfinger v. Lane, supra; Webb v. French, 225 Ala. 617, 144 So. 818; Davison v. Stutts, 233 Ala. 491, 172 So. 600; Biddle v. Employers Ins. Co. of Alabama, Inc., 257 Ala. 276, 58 So.2d 596.

In Martin v. Alabama Power Co., supra, which has been frequently cited, the judgment entry read:

"This day came the parties in this cause by their attorneys, and the plaintiff filed his demurrers to the defendant's plea in abatement in this cause. After hearing and understanding said demurrers it is considered by, and it is the judgment of, the court that said demurrers be and they are overruled. On account of the ruling of the court on said demurrers the plaintiff takes a nonsuit in this cause. It is therefore considered by, and it is the judgment of, the court that the defendant have and recover of the plaintiff the cost in this behalf expended, for which let execution issue."

The court held that judgment insufficient upon which to rest an appeal because the nonsuit was not granted by an order of the court and because "The complaint or cause is not dismissed by an order of the court." We said further: "There should be an order of the court overruling the demurrers, granting the nonsuit, dismissing the case, and taxing the cost, permitting execution therefor to issue if not paid." The appeal was dismissed ex mero motu.

In Biddle v. Employers Ins. Co. of Alabama, Inc., supra, where the judgment recited that plaintiff elected to take a nonsuit because of adverse rulings of the court and stated "the same being considered by the court, it is therefore ordered and adjudged by the court that nonsuit be and the same

is hereby granted," this court held that the judgment entry did not contain the essentials of a final judgment necessary to support an appeal to obtain the review authorized by Section 819, Title 7, Code. The appeal was dismissed.

■ The judgment entry here under review falls far short of containing the essentials of a final judgment necessary to support an appeal to obtain the review authorized by Section 819, Title 7, supra.

It follows that the appeal must be dismissed. It is so ordered.

The foregoing opinion was prepared by THOMAS S. LAWSON, Supernumerary Associate Justice, and adopted by the Court as its opinion.

Appeal dismissed.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and Mc-CALL, JJ., concur.

HEFLIN, C. J., concurs specially.

FAULKNER and JONES, JJ., dissent.

HEFLIN, Chief Justice (concurring specially):

This case has been decided on a technicality rather than on its merits. Since the legislature conferred "rule-making power" on the Supreme Court by Act No. 964, Acts of Alabama, 1971, Regular Session, approved September 7, 1971 (appellate practice) and Act No. 1311, Acts of Alabama, 1971, Regular Session, approved September 17, 1971 (civil trial practice), I have expressed the hope that new systems of rules would be adopted governing practice and procedure in appellate practice and in civil trial practice which would promote the speedy determination of litigation on the merits of the cases rather than on technicalities. However, in a number of cases I have concurred with the majority in the disposition of cases on technicalities pending the activation of new systems of

rules in an orderly fashion following the receipt of recommendations from advisory committees. See my concurring opinions in Mid-State Homes, Inc. v. Roberts, 288 Ala. 86, 257 So.2d 333; Quarles v. State, 288 Ala. 275, 259 So.2d 823; Metzger Brothers, Inc. v. Friedman, 288 Ala. 386, 261 So.2d 398; Ex parte Colonial Refrigerated Transp., Inc., 288 Ala. 434, 261 So. 2d 779; Brooks v. Brooks, 289 Ala. 186, 266 So.2d 746; and Reynolds v. Burkhalter, 289 Ala. 528, 268 So.2d 802.

Consistency demands that I continue to follow this same approach and concur in the majority opinion in this case.

The new Alabama Rules of Civil Procedure, promulgated by this court on January 3, 1973 and which go into effect on July 3, 1973, would, in my judgment, provide for the determination of this cause on its merits. Rule 58(b) of the new A.R.C.P. provides as follows:

"(b) Sufficiency of Judgment, Order or Minute Entry Thereof. A judgment or order, or the minute entry thereof, need not be phrased in formal language nor bear particular words of adjudication. The judgment or order or the minute entry thereof will be sufficient if it indicates an intention to adjudicate considering the whole record, and if it indicates the substance of the adjudication."

Would that the new rules were in effect! However, in keeping with my position that I follow prior decisions of this court until such rules go into effect, I am constrained, albeit reluctantly, to concur with the majority.

JONES, Justice (dissenting):

We give "lip service" to judicial reform with little hesitance. We even seize upon opportunities to articulate eloquently this new era of "substance and merit vs. form and procedure." But, in the workshop of day to day application of these publicly espoused ideals, we continue to manifest undue servitude to the bondage of precedents.

Stare decisis is a grand and noble legal doctrine—without with the essential element of stability would be lost—but stare decisis was intended as a golden rule, not an iron rule.

I would relegate the three propositions on which the majority opinion rests to the graveyard of worthless cliches; and I would substitute therefor a rule in substance that any order of the trial court whose language reasonably purports to effect a final decree of dismissal of a cause will support an appeal. The order in the case before us meets that test. The losing party moved the trial court for a non-suit for the express purpose of appealing on the record due to the adverse judgment of the court, and the motion was granted.

The order was treated as a final judgment by all the parties, and each side has submitted briefs on the merits. Why not accommodate both parties and decide the case on its merits?

FAULKNER, J., concurs.