224 So.2d 588

**Hoyt B. HAMILTON, as Principal Judge of the Court of County Commissioners, etc.**

v.

**Clyde MORROW et al., etc.**

7 Div. 769.

Supreme Court of Alabama.

June 12, 1969.

Burnham, Klinefelter & Halsey, Anniston, for appellant.

Embry & Robinson, Pell City, Gerald Swann, Ashville, Hawkins, Rhea & Mitch-

ell, Gadsden, Fred Blanton, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

Respondent in a mandamus proceeding in the Circuit Court of St. Clair County, Alabama, appeals from a purported judgment, dated December 10, 1966, granting a peremptory writ of mandamus.

The petition was filed by all four members of the Court of County Commissioners of St. Clair County, joined by five employees of the county and others similarly situated. The respondent (appellant) is the principal judge of said Commissioners' Court. Title 12, Sec. 5, Code of 1940, Recompiled in 1958.

The judgment from which the appeal was taken reads as follows:

"The issues being joined by the Complainants on the answer by the Respondent a judgment in favor of the Complainant on the petition as amended and the Respondent Hoyt B. Hamilton is ordered and directed to sign the checks as prepared and made out by the Clerk of the Court of County Commissioners and the County Treasurer of St. Clair County, which signature is in conformity with the resolution adopted by all four members of the County Commissioners on September 28, 1966."

■ Appellees move this Court to dismiss the appeal because the judgment from which this appeal is taken is not final within the purview of Sec. 1074, Title 7, Code 1940, Recompiled in 1958. We think the motion has merit.

■ The purported judgment of the lower court is, we think, also insufficient in that as it reads in the record it has no more of a binding effect than a minute entry or bench note of the trial court. And no citation is required to say that a minute entry or bench note is not an appealable order or decree. Only where the lower court's formal decree recites that "it is or-

dered and adjudged by the court," or "it is the judgment of the court that," or words of equivalent import, does such decree or judgment take on the character of a final judgment from which an appeal may be taken. Bronson v. Youngblood, 276 Ala. 14, 158 So.2d 656; Wynn v. McCraney, 156 Ala. 630, 46 So. 854.

Because the decree of the lower court in the instant case lacks the essential elements of finality as discussed, supra, it is ordered that the appeal in this case be, and the same is, dismissed.

Appeal dismissed.

LAWSON, MERRILL and HARWOOD, JJ., concur.