224 So.2d 589

**Hoyt B. HAMILTON, as Principal Judge of the Court of County Commissioners, etc.**

v.

**Clyde MORROW et al., etc.**

7 Div. 769–A.

Supreme Court of Alabama.

June 12, 1969.

**230**

———◇———

Burnham, Klinefelter & Halsey, Anniston, for appellant.

Embry & Robinson, Pell City, Gerald Swann, Ashville, Hawkins, Rhea & Mitchell, Gadsden, Fred Blanton, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

This is an ancillary proceeding to a mandamus suit that was filed by appellees and others in the Circuit Court of St. Clair County against appellant. See Hamilton v. Morrow et al., 284 Ala. 228, 224 So.2d 588. In the instant proceeding, appellees (Clyde Morrow, H. N. Mize, James B. Walters, and Charles Williams, four of the plaintiffs named in the mandamus suit) petitioned the Circuit Judge of St. Clair County, Alabama, to adjudge appellant in civil contempt for failure to obey a peremptory writ of mandamus. From a judgment granting the petition and adjudicating appellant in contempt, this appeal was taken. Also, the respondent petitioned for a writ of certiorari to review the judgment and the proceedings incident thereto.

The appeal is pursuant to Act No. 859, Acts of Alabama 1965, p. 1602; Sec. 9½, Title 13, Recompiled Code 1958, Cumulative Pocket Part. Harris v. State, 281 Ala. 622, 206 So.2d 868.

■ We take judicial knowledge of the contents of the record filed in the mandamus proceedings noted in the first paragraph of this opinion. Statham v. Statham, 282 Ala. 322, 211 So.2d 456.

■ No requirements of orderly procedure were followed in the proceedings below. They are so confused and irregular that it cannot be considered that any valid order of contempt could be made. No useful purpose would be served by setting out the utterly confused and confusing proceedings that occurred below. Justice requires that the order of contempt be annulled and set aside. It is so ordered.

Order of contempt is annulled and set aside.

LAWSON, MERRILL and HARWOOD, JJ., concur.