This appeal is from a judgment establishing boundary lines between plaintiffs' and defendants' lands and an award of damages to plaintiffs for loss of the use of pasture.
In the late 1950's J.S. Cooper divided his land among various members of his family, two of whom were Johnie Cooper, a son, and Caroline Cooper Blair, a daughter. In the years following the division of J.S. Cooper's property, Johnie and Caroline each acquired certain tracts from other family members and eventually came to own several parcels adjacent to one another. Johnie and Caroline disagreed over the proper location of boundary lines between these adjacent parcels on many occasions. Five surveys were made of the adjoining properties in about a fifteen-year period previous to this action.
In 1977 plaintiffs Johnie Cooper, his wife and son filed suit against defendants Caroline Cooper Blair and her husband in the Circuit Court of Elmore County, seeking a determination of the true and correct boundary lines between the lands of the parties, injunctive relief and damages. The defendants counterclaimed requesting the determination of the boundary lines and alleging trespass on the part of the plaintiffs.
The case proceeded to trial before the court. A final decree was entered determining that the true boundary lines lay "in accordance with the survey known as the P.J. Jennings Survey," and awarding plaintiffs $2,850 for loss of the use for two years of ninety-five acres of pasture. Defendants' motion for new trial was denied. They appeal.
We note that only one of the four boundary lines determined by the trial court is disputed on appeal. That is the east-west line between the properties of brother and sister Johnie Cooper and Caroline Cooper Blair.
The dispositive issue, after the trial court heard the evidence ore tenus, is whether the findings made by the court were clearly erroneous or manifestly unjust. Wills v.Blackwell, 386 So.2d 427 (Ala. 1980). A judgment establishing a boundary line will be affirmed if under any reasonable aspect of the case, the decree is supported by credible evidence. The trial court will not be reversed unless there is a clear and decided preponderance of the evidence against its judgment.Ferrell v. Shomo Land Company, 345 So.2d 297 (Ala. 1977).
After "viewing" the disputed property on two occasions, the last after hearing the testimony and considering written briefs, the learned trial judge set the boundary lines. It is evident that the judgment was based, in part, upon evidence available only through the views of the premises. The court's conclusions of fact *Page 1207 
made pursuant to the view are not subject to our review on appeal. Fuller v. Blackwell, 246 Ala. 476, 21 So.2d 617 (1945).
The evidence was lengthy and difficult to follow from the record. There were many, many instances when the witness testified by "indicating" a point on a map or document. This court has little or no idea what the witness was "indicating" or where "it" was located. The trial judge saw and followed such "indications." He also was able to view and locate points referred to by the witnesses and shown on exhibits as they appeared on the ground. It is very obvious how advantageous such personal viewing must have been in considering the testimony of the witnesses. This court cannot review from that advantage. Furthermore, there is credible evidence that we see in the record which sufficiently supports the judgment as to the location of the disputed boundaries against any contention that it is manifestly erroneous. We therefore must affirm it.See, Ferrell v. Shomo Land Company, supra.
The defendants contend that the court erred in awarding damages of $2,850 to plaintiffs for loss of the use of pasture. We agree. Plaintiffs' claim for damages is based upon the defendants' removal of plaintiffs' fence and the building of another upon the property of the plaintiffs. That latter fence was insufficient to contain the cattle of plaintiffs and resulted in the loss of use of pasture land by plaintiffs. The award of $2,850 damages was stated by the court to be for the loss of use of ninety-five acres of pasture land for two years at a rental value of $15 per acre per year.
We have searched the record carefully and have found no evidence that would support an award based on the loss of use of ninety-five acres of pasture. Plaintiffs testified that they lost the use of thirty acres of pasture during the two-year period at a value of $15 per acre per year. The remaining portion of the land was woodland and not pasture. We find the evidence to support an award of only $15 per acre for the loss of use of thirty acres of pasture for two years. An award for loss of more than the thirty acres would be based on speculation and would be improper. 7A Ala.Dig. Damages Key No. 163. Plaintiffs bore the burden of establishing the existence and amount of any damages awarded. Smith v. Richardson,277 Ala. 389, 171 So.2d 96 (1965).
It is therefore the judgment of this court that unless plaintiffs file a remittitur of $1,950 with the clerk within fourteen days from the date of this judgment, the judgment of the trial court shall be reversed in part and the case remanded. If, however, such remittitur is filed, a judgment for $900 will stand affirmed. Liberty, Truck Sales, Inc. v.Fountain, 381 So.2d 646 (Ala.Civ.App. 1980).
AFFIRMED CONDITIONALLY.
BRADLEY and HOLMES, JJ., concur.