ADAMS, Justice.
By our order of May 17,1982, we granted the motion of Caroline C. Blair and Robert E. Blair (defendants) to reinstate their improperly taken appeal. Defendants sought review of a judgment of contempt entered against them by appeal, instead of by an appropriate petition for a writ of certiorari. Johnie Joseph Cooper, Johnie Cooper, and Virginia Cooper (plaintiffs) filed a petition for contempt against defendants in the Circuit Court for Elmore County, seeking to enforce that court’s decree of February 20, 1980, which resolved a boundary line dispute between the parties.[1] The trial court found defendants in contempt.
The dispositive issue is whether the trial court properly excluded defendants’ proffered testimony on the question of whether the boundary lines and judicial landmarks were located in accordance with the judgment of the trial court which resolved the boundary line dispute. We hold that it did, and we affirm.
*927 The trial court, in deciding the boundary line dispute, entered, as part of its judgment, an order requiring the Coopers and the Blairs to each pay one-half the cost of a registered engineer’s services for placing concrete markers as judicial landmarks. The trial court ordered the registered engineer to send each party a written statement of his charges. Any party’s objection to those charges was to be filed within three days from the day the statement was received. Defendants received their copy of the statement on February 21, 1982. They made no objection to the charges within three days, but, nevertheless, refused to pay their one-half of the bill. The trial court’s decree also enjoined defendants from interfering with the placement of the concrete markers and the building of a fence on the boundary lines established by the court. It also enjoined defendants from trespassing on plaintiffs’ property.
On March 26,1981, plaintiffs filed a petition to hold defendants in contempt, alleging that they refused to pay their one-half of the registered engineer’s fee, and that they interfered with plaintiffs’ attempt to build a fence on the court-established boundary lines. It is undisputed that defendants did not pay their share of the bill although it was established they had the ability to pay. Plaintiffs paid their one-half into court on February 24, 1981. Although the evidence was conflicting, there was evidence from which the court could reasonably find that Caroline C. Blair threatened Johnie Cooper with arrest and jail if he proceeded to build the fence. Caroline C. Blair’s own testimony indicated a stubborn opposition to the boundary lines established by the trial court, and also provided a reasonable inference that she opposed the peaceful building of plaintiffs’ fence. Caroline C. Blair repeatedly testified that, in her opinion, the court-ordered survey was incorrect.
After a hearing, in which testimony was taken, the trial court found both defendants in contempt for failing to pay one-half of the registered engineer’s fee. Only Caroline G. Blair was found in contempt for interfering with plaintiffs’ efforts to build a fence on the court-established boundary lines.
Defendants contend that the trial court erred by not allowing testimony to show that the judicial landmarks were improperly placed, and that plaintiffs were attempting to build their fence on defendants’ land. Defendants’ proffered testimony has no bearing on the issue of whether they properly were held in contempt for failing to pay their share of the registered engineer’s fee. Under the terms of the trial court’s judgment of February 20,1980, defendants had three days from receipt of the statement to object to the fee. This, they chose not to do. Unless they timely objected to the fee, and thereby sought the trial court’s review, they were obligated to pay one-half of it. Their dissatisfaction with the location of the boundary lines and markers would not allow them to simply ignore their obligation to pay in accordance with the trial court’s judgment and decree. The proffered testimony, therefore, was properly excluded.
Nor could the proffered testimony have bearing on whether the trial court correctly found Caroline C. Blair in contempt for interfering with plaintiffs’ attempt to build a fence along the court-established boundary lines. Even if the boundary lines and markers were improperly located, defendant could not, on her own, simply choose to ignore the terms of the injunction. “ ‘An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.’ ” Fields v. City of Fairfield, 273 Ala. 588 at 590, 143 So.2d 177 at 180 (1962), rev’d on other grounds 375 U.S. 248, 84 S.Ct. 360, 11 L.Ed.2d 311 (1963). If defendant believed that the boundary lines and markers were erroneously located, and not in accordance with the trial court’s decree, she was, nevertheless, obligated to obey the terms of the injunction until she secured relief from the trial court. Defendant sought neither a modification of the injunction, nor the trial court’s review of *928 whether the boundary lines and markers were located in accordance with the decree. Because she sought neither, the trial court could properly find her actions to be in contempt. For the same reasons, defendants’ argument regarding the alleged noncompliance with Code 1975, § 35-3-24, is likewise without merit.
For all of the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.

. Defendants appealed to our Court of Civil Appeals. That court upheld the trial court’s resolution of the location of the boundary lines. It also affirmed conditionally the trial court’s judgment on the issue of damages, ordering, however, a remittitur. Blair v. Cooper, 392 So.2d 1205 (Ala.Civ.App.1981).