Appeal by plaintiff from an order striking plaintiffs' complaint and dismissing the action under Rule 37 (b), A.R.Civ.P. We affirm.
This case is the latest episode in a boundary line dispute between plaintiffs, defendants, and other parties. In order to place the present case in its proper setting, a summary of prior litigation between the parties is in order.
Johnie Cooper and Caroline Cooper Blair are brother and sister. Their father, J.S. Cooper, divided his real property located in Elmore County among his family in the 1950's. Over a period of time, Johnie and Caroline acquired tracts of that property from other family members and ultimately held ownership of several adjoining tracts. A dispute over their boundary lines arose, and a number of surveys were made. One of these was the subject of a lawsuit brought by York Engineering Company against Caroline Blair, resulting in a judgment against her. Blair v. York Engineering Co., Inc., 380 So.2d 878
(Ala.Civ.App. 1980). Subsequently, Johnie Cooper and his wife sued Caroline Blair and her husband, seeking to establish the correct boundary lines. In that case the trial court established the boundary lines and awarded the Coopers damages for loss of use of certain pasture land. Blair v. Cooper,392 So.2d 1205 (Ala.Civ.App. 1981).
As part of its decree in Blair v. Cooper, supra, the trial court had mandated that each party pay an equal portion of certain engineering services and enjoined the Blairs from interfering with the placement of the concrete markers and the building of a fence on the boundary lines established by the court. The Coopers later filed a contempt petition seeking to enforce the decree. In that case, the trial court found the Blairs in contempt. This Court affirmed that decision, observing that Caroline Blair's "own testimony indicated a stubborn opposition to the boundary lines established by the trial court, and also provided a reasonable inference that she opposed the peaceful building of plaintiffs' fence." Blair v.Cooper, 429 So.2d 926 (Ala. 1983).
The instant case was filed on October 26, 1981, by Caroline Blair and her husband, Robert. They sued her brother, Johnie Cooper, Johnie Cooper's wife and son, P.J. Jennings, and Thomas M. Park. Jennings was the surveyor involved in the prior Blairv. Cooper cases. Park is an adjoining landowner. This action alleges trespass on real property, wrongful detention of real property, conspiracy to do both, and slander of title. In their answers to the complaint the defendants alleged, among other things, that the matters complained of had already been judicially determined. They filed notice that they would take the depositions of the Blairs on October 28, 1982. At the *Page 1251 
plaintiff's request, the depositions were continued until November 2, 1982, at 2:00 p.m.
At about 1:30 p.m. on November 2, the Cooper's lawyer received a telephone call from Mrs. Blair, who stated that she wanted a continuance because she was "on a job at that time and needed to go see a surveyor about a survey of the property." She added that she had difficulty contacting her lawyer. The Cooper's lawyer informed her that he could not talk with her and that she should have her lawyer contact him.
At 2:00 p.m. defendants' lawyer was present for the deposition. Also present was a court reporter engaged for that purpose. About that time plaintiffs' lawyer informed defendants' lawyer that his clients (plaintiffs) would not attend the deposition and thus there was no reason for him to attend. The court reporter remained at the scheduled place until 2:45 p.m., but plaintiffs did not appear.
On November 3, 1982, pursuant to Rule 37, A.R.Civ.P., defendants filed their motion to strike the complaint, dismiss the action, and award expenses for the failure of plaintiffs to attend the deposition. An ore tenus hearing was held, following which the court made the following findings:
 "1. The court takes judicial notice of the long history of litigation between plaintiffs and some of the defendants.
 "2. On October 19, 1982, defendants gave the plaintiffs, by and through their attorney of record, notice that their deposition would be taken on the 28th day of October, 1982.
 "3. That subsequently, at the request of the plaintiffs, depositions were rescheduled for November 2, 1982, at 2:00 P.M.
 "4. During the days preceding the scheduled deposition, attorney for defendants spent numerous hours preparing for the scheduled depositions.
 "5. That on November 2, 1982, the defendants by and through their attorney, were present at the scheduled time and location.
 "6. That on November 2, 1982, at approximately 2:00 P.M. plaintiffs' attorney informed defendants' attorney that the plaintiffs would not attend the deposition.
 "7. That defendants were caused to incur expenses for a court reporter.
 "8. That on November 2, 1982, defendants' attorney notified plaintiffs' attorney that defendants planned to ask for sanctions and that the motion should be heard on November 8, 1982, motion docket.
 "9. Defendants' attorney thereafter sent the plaintiffs' attorney a copy of the motion.
 "10. The Clerk's office sent to plaintiffs' attorney's regular business address a notice that the motion would be heard on November 8, 1982.
 "11. That $250.00 is a reasonable attorney fee for preparing for the deposition in this cause.
 "12. That defendants were required to pay $33.85 as court reporter fees, it is
 "THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion to Strike Complaint and Dismiss the action is granted and the complaint is hereby dismissed with prejudice. It is further ordered and adjudged that the plaintiffs pay to defendants' attorney $283.85, as expenses for failure to attend the deposition, $250.00 being attorney fee and $33.85 being the cost of a court reporter. All costs taxed against plaintiffs."
On appeal, plaintiffs pose a number of issues for resolution; however, all of these may be reduced to one single question,i.e., whether the trial court erred in applying the sanction of dismissal in this instance.
Among the sanctions authorized by Rule 37, A.R.Civ.P., are dismissing the action and requiring the failing party to pay reasonable expenses, including attorney fees. See Weatherly v.Baptist Medical Center, 392 So.2d 832 (Ala. 1981).
Plaintiffs argue that the element of "willfulness" was not shown to exist in their conduct, and that element being absent, *Page 1252 
dismissal was improper. That argument was answered inWeatherly, supra, which, after taking note of contemporary federal cases, recognized that "the `willfulness' of plaintiff's refusal to answer . . . in this case is a key criterion to the imposition of the drastic sanction of dismissal." Thus, "willfulness," i.e., an intentional failure, continues to be a factor, along with others, in the determination to apply the sanction of dismissal. On the record in this case, the trial court could have reasonably viewed plaintiffs' conduct as willful. Plaintiffs apparently contend that they did not attend the deposition because their lawyer could not attend. Yet, their lawyer did not attend because plaintiffs informed him that they would not attend. Mrs. Blair's evidence is that she could not attend because she wanted to contact a surveyor, even though five surveys had already been made. It is clear from the record that plaintiffs and their counsel knew of the deposition beforehand.
It was also proper for the trial court to take judicial notice of the prior litigation in that court between these parties in determining whether they had willfully failed to be present for the deposition. In McClendon v. City of Boaz,395 So.2d 21, 26 (Ala. 1981), this Court recognized the authority of a trial court on summary judgment to "take judicial notice of the record in prior litigation between the same parties in the same court [citation omitted], or of its own records and of other cases including the same subject matter or questions of a related nature between the same parties [citation omitted]." The same principle is applicable to this proceeding which is ancillary to the principal action which, in turn, is related to it. Cf. Hamilton v. Morrow, 284 Ala. 229, 224 So.2d 589 (1969). Indeed, plaintiff Caroline Blair, while questioning defendants' lawyer at the motion hearing, could have given the trial court insight into plaintiffs' motive for initiating the latest action, when she stated:
 "Well, why do you think, George, if you throw it out, what grounds to [sic] we have to get back all the expenses — see, we were sued without a reason, when we were sued."
And it does not escape notice that at the motion hearing plaintiffs presented no evidence of their inability to attend the deposition proceeding, nor did they indicate their ability or willingness to submit to depositions. Neither did they move for a protective order under Rule 26 (c), nor move for a continuance, nor for an enlargement of time, Rule 6 (b), nor did they move the trial court to reconsider or to alter, amend or vacate the earlier ruling, Rule 59 (e). As this Court observed in Weatherly, supra, such failures "are elements that weigh heavily in the choice of sanctions." All of this could have been found by the trial court to exemplify bad faith on plaintiffs' part.
While this Court recognizes the seriousness of the sanction of dismissal, nevertheless, we cannot state, under these facts, that the action of the trial judge in choosing that sanction over others available was inappropriate. For these reasons, the order of the trial court must be, and it is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.