PER CURIAM.
Randolph E. Neal, Jr. appeals from an order dismissing his action against the American Telephone and Telegraph Co., d/b/a South Central Bell (SCB), because of his failure to appear at a deposition pursuant to a court order.
On July 2,1982, Neal filed a complaint in circuit court against SCB wherein he sought to avoid disconnection of his telephone service by alleging that the failure of SCB to provide him with over 35 free telephone directories warranted his refusal to pay his delinquent phone bill. Neal also sought injunctive relief to preclude such disconnection. This relief was denied, however, and SCB disconnected his telephone service.
*976 SCB then filed an answer which stated that Neal’s telephone service was properly disconnected because of his failure to pay his delinquent phone bill after repeated notice, and that his extensive request for directories could not be filled because Neal failed to place a written order with SCB.
On August 25, 1982, Neal filed an amendment to his complaint, seeking recovery of damages for extraordinary deprivations which allegedly resulted from the disconnection of his telephone service. SCB filed a motion to strike pursuant to Rule 12(f), A.R.Civ.P., on August 31, 1982, based upon the presence of allegedly outrageous, ridiculous, impertinent, and irrelevant material in the amended complaint.
Neal also filed various motions for in-junctive relief based upon the presence of extensive damages allegedly resulting from an increase in pay telephone rates. These motions were denied.
On August 1, 1983, Neal filed an application for entry of default, requesting that the clerk of the court, in accordance with Rule 55(b)(1), enter judgment for the amount stated therein due to SCB’s failure to answer Count Two of his amended complaint. The clerk refused to enter the default, and this Court denied Neal’s petition for writ of mandamus to the circuit court clerk. Ex parte Neal, 441 So.2d 139 (Ala. 1983) (mem.).
On September 1, 1983, SCB served Neal with a notice of deposition, scheduling his deposition for September 14, 1983, at 10:00 a.m. in the law offices of Lanier, Shaver & Herring. This notice was served on Neal at 2211 Bide-A-Wee Drive, NE, Huntsville, Alabama 35801, the address which Neal listed throughout the course of this case.
On September 9, 1983, Neal filed a “Notice of Refusal to Allow Taking of Deposition and Objection,” which was received by defense counsel on September 12, 1983. In this document, Neal stated that he would refuse to appear for the deposition at the stated time and place. He then stated that he would attend a deposition only on the following terms: that the deposition be taken in a courtroom before a judge; that SCB agree to pay for Neal’s copy of the deposition; and that the scheduled time be changed.
On September 12, 1983, SCB filed a motion for an order compelling Neal to appear at the stated time for the deposition or at another reasonable time within ten days prior to the September 27, 1983, trial date. A copy of this motion was mailed to Neal at his Bide-A-Wee Drive address on September 12, 1983.
On this same day, the circuit court entered an order which stated that Neal’s failure to appear for the deposition at the time and place noticed would result in dismissal. This order was also mailed to Neal at the same address.
On September 14, 1983, pursuant to Rule 37, A.R.Civ.P., SCB filed a motion to strike the complaint and to dismiss the action for Neal’s failure to attend the deposition. This motion was supported by an affidavit from the court reporter, who stated that Neal failed to appear for his deposition as ordered.
On September 16, 1983, the circuit court entered an order dismissing Neal’s action against SCB due to his violation of the order to appear for his deposition. Neal then filed a motion for a new trial, which alleged that he did not receive notice of the court order compelling discovery until after the actual deposition date. The circuit court denied this motion, and this appeal ensued.
Neal presents the following issues: 1) whether the circuit court clerk erred in refusing to enter a default judgment on Neal’s amended complaint; and 2) whether the circuit court abused its discretion in dismissing this action due to Neal's failure to comply with a court order compelling the taking of a deposition.
Under Rule 55(b)(1), A.R.Civ.P., the clerk of the court may enter judgment by default in only one instance:
“When the plaintiff’s claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the *977 plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.”
In all other cases, the party entitled to a judgment by default must apply to the court for entry of such a judgment. Rule 55(b)(2), A.R.Civ.P.
Because the speculative amount which Neal claimed as damages in his amended complaint and in his application for default could not conceivably constitute a “sum certain” as determined by a contract or note, Neal was perforce relegated to the Rule 55(b)(2) application for entry of default judgment by the circuit court. Neal, however, failed to pursue this latter alternative, and the circuit court clerk properly refused to enter a default judgment on Neal’s amended complaint.
The remaining issue is controlled by the recent decision of Blair v. Cooper, 437 So.2d 1249 (Ala.1983), wherein this Court upheld the dismissal of an action pursuant to Rule 37, A.R.Civ.P., due to the plaintiff’s willful failure to attend a deposition, after being duly notified of its date and time.
Under Rule 37(d), A.R.Civ.P., if a party fails to appear before the officer who is to take his deposition, after being served with proper notice, the court in which the action is pending may, on motion of the other party, dismiss the action in accordance with Rule 37(b)(2)(C), A.R.Civ.P. This later provision also allows the sanction of dismissal for the failure of a party to obey an order permitting discovery.
This Court has required that a party intentionally or willfully fail to attend a deposition before the sanction of dismissal will be upheld. See Blair, supra.
The record discloses ample evidence supporting the dismissal of this action for Neal’s willful failure to attend the deposition.
It is clear that Neal received actual notice of the time and place of the deposition beforehand, because he filed a motion in response to this notice, wherein he emphatically stated that he would not attend the deposition on the date specified unless certain demands were met.
Although Neal complains that he did not receive notice of the order compelling his attendance at this deposition, a copy of this order was sent to him at the address which he listed in all of his filings throughout the proceeding below, and which, on appeal, he' still lists as his current address.
In its order denying Neal’s motion for a new trial, the circuit court, moreover, took judicial notice of the fact that Neal had recently filed a multiplicity of frivolous actions in Madison Circuit Court.[1] In each of these actions, Neal listed the Bide-A-Wee Drive address as his current residence. Neal was evicted from this residence in one such action and thereafter claimed no address in each of the other pending actions. The court told Neal that all documents would be sent to the Bide-A-Wee Drive address, his last known residence, and that it would be incumbent upon him to periodically check the court files in each of his cases should this notice prove insufficient.
Under these circumstances, we hold that the circuit court properly dismissed the action for Neal’s intentional failure to attend the deposition.
The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.

. It was proper for the circuit court to take judicial notice of the multiplicity of litigation which Neal had pending before the court in determining whether he had willfully failed to attend the deposition. See Blair v. Cooper, 437 So.2d 1249, 1252 (Ala.1983).