A father or a mother of a minor has an equal right tocommence an action for an injury to a minor child if they are lawfully living together as husband and wife and the minor is a member of the family. Section 6-5-390, Code 1975 (as amended). A father or a mother of a deceased minor has anequal right to commence an action for a wrongful death of that minor, if they are lawfully living together as husband and wife and the minor was a member of the family at the time of his or her death. Section 6-5-391, Code 1975.
In this case, Kenneth W. Coleman, as administrator of the estate, father, and next friend of Brenda Faye Coleman, a deceased minor, "commenced" this action. He had a right to do so. Lila Coleman, as mother of Brenda Faye Coleman, had an equal right to "commence" this action, but she did not do so.
This case involves substitution of parties (Rule 25, Ala.R.Civ.P.), and not the right to commence the action. Rule 25, provides the mechanics for substitution of parties, plaintiff or defendant, in the event of death, incompetency, transfer of interest, and, insofar as public officers are concerned, death or separation from office. In this case, the administratrix of the estate of the deceased defendant was properly substituted as a party defendant after the death of the defendant. However, I can find no grounds to permit Lila Coleman's substitution for Kenneth Coleman. Lila Coleman's affidavit stated that Kenneth Coleman had suffered from anxieties, that he had left the state, and that she had not known his whereabouts for a month. This is not sufficient proof of Kenneth Coleman's death or incompetency. There is no evidence that he transferred his interest in the litigation to Lila Coleman. Therefore, I do not believe that the trial court erred in denying substitution. *Page 1010 
A trial court has broad discretion in controlling discovery. Ex parte Sargent Industries, Inc.,466 So.2d 961 (Ala. 1985). If a party, who is properly noticed, fails to attend his deposition, the trial court is authorized to dismiss the action, if the party is a plaintiff, or to render judgment by default, if the party is a defendant. Rule 37(d), Ala.R.Civ.P., which authorizes the trial court to take action authorized under Rule 37(b)(2)(C). Blair v.Cooper, 437 So.2d 1249 (Ala. 1983). These are drastic measures that should be taken only when such action is "just."[1]
Coleman did not appear for his deposition on October 9, 1986. After a hearing on defendant's motion to dismiss for failure to comply with Rule 37(d), the trial court ordered Coleman to appear for his deposition no later than the morning of the trial. Coleman failed to appear for his deposition the morning of the trial, or at any time prior thereto. The trial court dismissed the action. In my opinion, the trial court did not abuse its discretion in dismissing the action or in refusing to grant Coleman's Rule 59 motion: The record does not plainly and palpably show that the trial court erred. Coker v. Farmers Mutual Exchange,425 So.2d 489 (Ala.Civ.App. 1983). I would affirm; therefore, I dissent.
[1] Rule 37(d), in pertinent part, provides: "[T]he court in which the action is pending on motion may make such orders in regard to the failure [to appear before the officer who is to take his deposition, after being served with proper notice] as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule." (Emphasis added.)